JEPTHA DIXON, Assignee of John Dixon, Plaintiff in Error, *v.* JOHN N. BUELL, Adm'r, etc., Defendant in Error.

### ERROR TO CALHOUN.

Equity treats the assignee of a contract, not assignable at law, as the party in interest, and will afford him relief in a proceeding instituted in his own name.

A lessor can assign his interest in a lease, by an endorsement on it, so as to pass the equitable right to his assignee, to receive the rent when it becomes due.

The County Court has equitable jurisdiction in the allowance of claims, against the estates of deceased persons, for money due, and may adopt equitable proceedings, in so far at least as to permit a claimant in such a case to proceed in his own name, even when he is an assignee.

THIS suit was commenced by filing account in the Probate Court. Judgment against estate for $208.40. John N. Buell, administrator of the' estate of John N. Buell, deceased, appealed to the Circuit Court.

Bill of exceptions shows that a jury was waived by parties, and a trial by the court. On the trial, plaintiff gave in evidence a lease executed by the said John Dixon and John N. Buell, deceased, under their respective seals, dated the 16th day of December, 1851, wherein the said Dixon assigns and leases to the said Buell, deceased, certain real estate therein described, for the period of five years, at an entire rent of $350, to be paid by annual installments of $70 each; the first installment on the 1st of January, 1853, and the other installments to be paid, one on the 1st of January of each successive year; on the back of which lease is the following assignment, to wit:

"I, John Dixon, for value received, do hereby assign and set over the within bond, and all my right, title and interest therein, to Jeptha Dixon. Witness my hand, this 4th day of March, 1852.

JOHN DIXON." [SEAL.]

The account filed before Probate Court, and which was allowed therein, was for the last three installments. Plaintiff also proved by a witness who was present when said assignment was made, that said lease had been left with him by the parties thereto for safe keeping—that said Buell, deceased, was present at the time of said assignment, and requested witness to go and get said lease that said assignment might be made, and that he, Buell, at the time of said assignment, acquiesced and assented thereto.

The plaintiff having closed his testimony, the defendant moved the court to non-suit the plaintiff, on the ground that the action should have been brought in the name of John Dixon; which motion was allowed by the court, WOODSON, Judge, presiding. Whereupon judgment was rendered against plaintiff for costs.

The errors assigned are, that the court erred in non-suiting the plaintiff; and in rendering judgment against plaintiff, and in not rendering judgment in his favor.

KNAPP & CASE, for Plaintiff in Error.

W. GRIMSHAW, for Defendant in Error.

WALKER, J. Even if it were conceded that this lease does contain mutual covenants, it would not follow that it is not assignable in equity. Almost every description of agreement may be transferred so as to vest in the purchaser the right to enforce it by proceedings in equity. Whilst in many cases the party may obtain complete relief by an action at law in the name of the original party for his use, yet in other cases the beneficial holder may proceed in equity in his own name to enforce the contract. Equity treats the assignee of a contract, not assignable at law, as the party in interest, and affords him relief in a proceeding instituted by him in his own name; whilst courts of law require the proceeding to be in the name of the owner of the legal interest, unless it be in cases where the legal title vests in the purchaser by delivery.

This was a lease of real estate for five years, at a yearly rent of a specific sum of money. The contract of lease was transferred by endorsement in writing, by the lessor to plaintiff in error, in the presence of, and with the approbation and consent of the lessee. Now, even if this endorsement did not pass the legal interest in the rent, to plaintiff in error, there can be no doubt that it passed the equitable right to him, to receive the money when it became due, according to the terms of the contract.

Then if the Probate Court has equitable jurisdiction in the allowance of claims against the estates of deceased persons, there was no error in instituting this proceeding in the name of plaintiff. This court held, in the case of *Moore* v. *Rogers*, 19 Ill. R. 349, that, "the statute providing for the settlement of estates of deceased persons, empowers the County Court to adjudicate upon all 'claims' presented for allowance, and provides the mode and time of exhibiting them for allowance; and although the words *claims, demands,* and debts, are used in the statute in apparently the same connection, we are satisfied that mere equitable money demands are within their meaning, and therefore, within the jurisdiction of the County Court." The demand in the case under consideration was only a money demand, and it therefore follows that the County Court had

jurisdiction of this case, if it were only an equitable assignment. And if it had such jurisdiction, no objection is perceived to that court adopting the forms of equitable proceedings, in so far at least, as to permit the claimant to proceed in his own name to obtain the allowance. Then, whether it was a legal or equitable assignment, it can make no difference, as in either case the plaintiff had a right to proceed in his own name in that court, and the court below erred in dismissing the cause and rendering judgment against plaintiff for costs, and that judgment should be reversed and the cause remanded.

*Judgment reversed.*