## Michael Neubrecht

*v.*

## Louisa Santmeyer *et al.*

1. Witness—*competency—of a divorced wife in a suit against her former husband.* The rule is well settled, that where either husband or wife is a party to an action, the other is incompetent as a witness, in either civil or criminal proceedings; and the rule is adhered to even after the marriage tie has been dissolved by a divorce for adultery.

2. Administrator—*of the investiture of the legal estate.* The personal assets of an estate become legally vested in the administrator, and the heirs can not maintain an action at law, in their own right, for any portion of such personal estate, until an order of court for distribution has been obtained.

3. So, where an administratrix, in that capacity, loans money belonging to the estate, to her husband, by a subsequent marriage, for the use and benefit of her children by the former husband, until the youngest shall have reached majority, such children cannot maintain an action for the recovery of the money so loaned, upon the majority of the youngest, until after an order of court for distribution has been obtained; until then the legal estate vests in the administratrix, for the purposes of distribution.

4. SAME—*against whom the action will lie.* Upon an order of court for distribution, the legal estate vests in the children, and an action will lie against the administratrix for a *devastavit,* or they may apply for an order of court compelling distribution.

5. CONTRACTS—*of a promise to a third person.* The promise of the husband to the administratrix, to pay the money to the children upon the majority of the youngest, is not a promise made to them, or either of them, such as to authorize a recovery in an action instituted by them jointly or severally, against the husband. The remedy is against the administratrix.

APPEAL from the Circuit Court of Hancock county; the Hon. JOSEPH SIBLEY, Judge, presiding.

This was an action brought by heirs of Henry Auer, deceased, against Michael Neubrecht, the husband of the widow of Auer, by a subsequent marriage, to recover the sum of $200, loaned to Neubrecht by his wife, in her capacity of administratrix of the estate of Auer, deceased, upon his promise, verbally made to his wife as such administratrix, to return the money to the children of her deceased husband, Henry, Caroline and Louisa, upon the youngest becoming twenty-one years of age.

Subsequently, and before the majority of the youngest, the wife was divorced from Neubrecht.

After the youngest had arrived to the age of twenty-one years, Caroline and Louisa severally instituted suits against Neubrecht, to recover their portion of the money so loaned to him by their mother. The suits were brought before a justice of the peace, and appealed to the circuit court, where a judgment was rendered for the plaintiffs.

The defendant appeals to this court, and asks that the judgment of the court below be reversed, and assigns various errors, among them, the admission of the evidence of Fredrica Neubrecht, the divorced wife, in behalf of the plaintiffs.

Messrs. MANIER, PETERSON & MILLER, for the appellant.

Messrs. MORRILL & RIPE, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the Circuit Court of Hancock county, brought there by appeal from a justice of the peace, where a judgment was recovered in favor of appellees against appellant, for $78.65 and costs. In the circuit court the judgment was for $80.66, and costs.

To reverse this judgment, the record is brought to this court by appeal.

Appellant makes several points, some of which will be noticed.

The first is, that the divorced wife of the defendant was not a competent witness to charge him with this debt.

The transaction, such as it was, occurred in 1850, after the marriage of the witness with the defendant, and the facts stated by her amounted to a contract made with her by her husband.

On long established principles, the wife was not a competent witness, as this court held in *Waddams* v. *Humphrey et al.* 22 Ill. 661. In 2 Stark. on Ev. 549, it is said, the rule seems to be universal, that when either husband or wife is a party to an action, the other is incompetent as a witness, in either civil or criminal proceedings, citing, in note, various decisions by the courts of this country. Public policy seems to be the ground on which the exclusion is based, and the principle is further preserved by adhering to the rule even after the marriage tie has been dissolved by the death of one

of the parties, or by a divorce for adultery.    1 Greenl. Ev. sec. 337; *Stein* v *Bowman*, 13 Peters, 209.    It may be affirmed as an inflexible rule, where the husband is a party, the wife cannot be sworn either for or against him ; not for him, because their interest is one, and she would be expected to favor him ; not against him, because it would be likely to promote dissension.    *Fitch* v. *Hill et al.* 11 Mass. 286 ; *Griffin* v. *Brown*, 2 Pick. 304.

The testimony of Mrs. Bruegger should have been excluded.

But there was another piece of testimony, offered by the defendant, which the court ruled out—that was, the inventory of the estate of Auer, from which the money in suit was alleged to have come.    The witness was his widow and administratrix, and that inventory was important, as going to weaken, if not destroy, her testimony, for it showed that all the available assets of the estate did not exceed $242 and some cents, of which the widow retained as her own portion, and which was set off to her by the appraisers, articles of the value of $143, leaving but about $70 for distribution among the heirs at law, the plaintiffs in the case.

The witness testified, however, that she sold a house owned by her deceased husband, in Cairo, for $285, $85 of which she had appropriated to her own use, and the money committed to her husband was the remaining $200.    This house being on land not belonging to the owner of the house, was a chattel, which could be sold and removed from the ground ; it was assets in her hands as administratrix, and did not belong to the children until an order of court for distribution had been obtained.    The children had no right to claim it, either jointly or severally, and if the administratrix, as she testifies she did, gave it to her husband, on his promise to pay it to the children when the youngest became twenty-one years of age, that promise was not such as would authorize the children to sue and recover upon it, in an action at law.    No promise was made to them nor to any one of them.    The promise, if any, was made to the

mother and administratrix, and the remedy of the children would be against her, either by obtaining an order of court to compel distribution, or by action against her for a *devastavit.* The legal interest in this money can not be said to have been in the children. It was assets of an estate not settled, and as such, the legal interest was in the administratrix, for purposes of distribution.

For the reasons given the judgment is reversed.

*Judgment reversed.*