60　　30
123　593

60　　30
58a　94

60　　30
f188 ² 83

# DUDLEY LAYCOCK

*v.*

# SEVERIN OLESON.

1. ADMINISTRATOR—*when he may sue in his own name—and whether he must prove his fiduciary character.* It has been held that, where a note is made specifically payable to a party described as administrator or guardian, such party may bring an action in his own name to recover the

money secured thereby, and will not be required to prove his fiduciary character. Words descriptive of such character, used in the instrument sued on or in the pleadings, are immaterial, and need not be proved.

2. So, in an action to recover the price of personal property purchased at an administrator's sale, the administrator may sue in his own name, and if he describe himself in the pleadings as administrator, he need not prove such words of description.

WRIT OF ERROR to the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. E. A. HARDING, for the plaintiff in error.

Mr. L. E. PAYSON and Mr. N. J. PILLSBURY, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was originally commenced before a justice of the peace, to recover for the price and value of a certain lot of corn alleged to have been sold and delivered by the plaintiff in error to the defendant in error.

The plaintiff was acting as administrator of the estate of Hannah Laycock, deceased, and it was at a sale of the personal effects belonging to the estate that the defendant purchased the corn in question.

On the trial of the cause in the circuit court, the defendant asked the following instruction, which was given: " The court instructs the jury that, unless the plaintiff has proven, by the production of his letters of administration, that at the time of the commencement of this suit, he was the administrator of the estate of Hannah Laycock, deceased, the jury will find for the defendant. "

The giving of this instruction is now assigned for error, and is the only error to which our attention has been directed.

The contract upon which the action was founded was made with the plaintiff, and not with his intestate; and it was lawful for him to bring suit in his own name for the breach. The words, " administrator, etc.," in the summons, were merely

descriptive of the person, and it was wholly unnecessary to prove such description on the trial.

It has been repeatedly decided by this court that, where a note is made specifically payable to a party describing himself as administrator or guardian, such party may bring an action in his own name to recover the money secured thereby, and he will not be bound to prove that he was such administrator or guardian. Such words are held to be simply descriptive of the person, and therefore immaterial. *McKinly* v. *Braden,* 1 Scam. 66; *Baker* v. *Ormsby,* 4 Scam. 325; *Newhall* v. *Turney,* 14 Ill. 338.

It makes no difference whether the contract was verbal or written. In either case, the party with whom the contract was actually made, may bring the action in his own name, and the description given to himself in making the contract or in bringing the suit, will be regarded as immaterial, and need not be proved.

For the error of the court in giving the instruction, the judgment is reversed and the cause remanded.

*Judgment reversed.*