The McLean County Bank

*v.*

Isaac Mitchell.

1.  Evidence—*entry in bank-book, of deposit.*   A party's bank-book showed two deposits, of precisely the same amount, on the same day, but it appeared the entries in such book were not made at the time of the transaction, but afterwards, from the ledger-book of the bank, and it was *held,* that the party's bank-book could not be regarded as controlling evidence that both sums were, in fact, deposited, but it might be shown that the entry was a mistake.

2.  Bank—*right to recover for money drawn in excess of deposits.*   Where, by mistake, a double entry is made on a bank-ledger of a deposit made on one

day, and such mistake is copied into the depositor's bank-book, and he draws out the whole sum thus shown to his credit, and in excess of what he, in fact, has deposited, the bank, on establishing and explaining the mistake, may recover back the excess so drawn out by the depositor.

3.  Instruction—*should not be contradictory.*  Where the real question was, whether a bank had given a depositor credit twice for the same deposit, and it appeared the depositor had checked out all so credited to him, and the court, in a suit by the bank to recover for the amount drawn out in excess of the actual deposit, instructed the jury that, if such were the facts, the bank could not recover, if they believed, from the evidence, that such double credit did not, in fact, give the defendant credit for more money than he really had in the bank, and there was nothing due the bank, the instruction was *held* to be contradictory, calculated to mislead the jury, and therefore erroneous.

Appeal from the Circuit Court of McLean county.

Messrs. Stevenson & Ewing, and Messrs. H. & J. D. Spencer, for the appellant.

Messrs. Rowell & Hamilton, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of assumpsit, brought by the McLean County Bank, against Isaac Mitchell, to recover $1031.71, which sum, it is claimed, he had drawn out of the bank in excess of the amount of money deposited to his credit.  On a trial of the issues before a jury, a verdict was returned in favor of the defendant, upon which the court rendered a judgment, to reverse which the bank appealed.

Appellee kept an account with the bank from 1860 until 1872, but the controversy in this case grew out of a deposit made in the bank on the 28th day of November, 1868, of $1031.71, appellee claiming that, on that day, he made two deposits of $1031.71, while the bank claims that but one deposit of $1031.71 was made on that date.  It is true that appellee's bank-book shows he made two deposits on the 28th of November, 1868, of $1031.71, and the individual deposit ledger of the bank shows the same fact, but the entries in appellee's book were not made at the time the money was

deposited, but, as appears, the entry therein is a mere transcript from the ledger of the bank. If, then, a mistake occurred in the individual deposit ledger, then appellee's book can not be regarded as controlling evidence in the case.

It appears, from the testimony, that the bank kept a book (deposit blotter of original entries) in which was entered the amount of money deposited by each party as the same was brought into the bank. A cash-book was also kept, in which all entries of deposits of each day's business was transcribed. These books, both the blotter and the cash-book, show but one deposit made by appellee on November 28, and that was for the sum of $1031.71, and no more. The book-keeper in the bank explained the manner in which he made a double entry of the $1031.71 on the individual deposit ledger. He said: "This deposit on the 28th of November, 1868, I entered on the individual deposit ledger, from the cash-book, on the bottom of page 671, and failed to check it off on the cash-book; and, after entering this $1031.71, I drew a balance, which amounted to $1523.76. I carried this balance to next page, 672; then, my attention being called away, on going back, this amount of $1031.71 not being checked off in the cash-book, I made a second entry of that amount, on the next page, 672, right under the balance I had carried over." The witness further stated that the two entries were for one and the same amount deposited by appellee. This evidence of the book-keeper is corroborated by the fact that when the cash was counted, on the close of business on November 28, it was found to correspond with the amount received, as shown by the blotter and cash-book. If, on the other hand, appellee had made two deposits of $1031.71 each, upon a count of the funds received, an excess would have been found of $1031.71, which was not the case, as shown by the evidence.

Appellee does not claim to have any distinct recollection that he made two deposits of money on the day the transaction occurred, nor does the testimony show such to be the fact; but, on the other hand, the evidence clearly preponder-

ates in favor of the fact that but one deposit was made, and that of $1031.71. We are, therefore, of opinion the evidence preponderates so clearly in favor of appellant that justice demands the issues should be submitted to another jury.

Objection was made to the third instruction given for appellee. We may not fully comprehend the object of the instruction, but if we do, it was, at least, liable to mislead the jury. If the bank gave appellee credit for $1031.71 twice, and there was but one deposit of that amount, we perceive no reason why appellant should not recover; and yet the jury were told by the instruction, in substance, that if these were the facts, still appellant could not recover if they believed, from the evidence, that such double credit did not, in fact, give appellee credit for more money than he really had in the bank, and that there was nothing due from appellee to appellant. An instruction should not be so worded as to mislead a jury. This one was contradictory, and liable to mislead. The question, in this case, for the jury, was plain and simple. There was nothing in dispute between the parties except this transaction of November 28, 1868. If appellee had made two deposits on that date, of $1031.71 each, then no recovery could be had. If, on the other hand, only $1031.71 was deposited, then appellant was entitled to recover, as it was conceded appellee had drawn from the bank the same amount of money he would have been entitled to receive if he had deposited the former amount.

As the judgment is contrary to the weight of the evidence, and as the third instruction given for appellee was calculated to mislead the jury, the judgment will be reversed and the cause remanded.

*Judgment reversed.*