# Ward M. Carter, Administrator, v. Mary E. Pierce.

1.  CLAIM AGAINST DECEASED'S ESTATE—*requirements of.* Claims against a deceased's estate, however informal, should so specify and identify the transaction out of which they arise as to apprise all concerned of their general nature and character and the amount claimed, so that they can be properly investigated and defended against if desired.

2.  CLAIM AGAINST DECEASED'S ESTATE—*when Statute of Limitations does not apply to.* Where the original claim filed against a deceased's estate purports to be based upon a judgment, and an amended claim filed against the same estate after the lapse of the two years allowed by statute for the exhibition of claims against deceased's estates, is based upon a check and money loaned, the Statute of Limitations does not apply, notwithstanding such amended claim sets up a new cause of action, where it appears by extraneous evidence that the original and amended claims pertained to the same transaction.

Claim against deceased's estate. Appeal from the Circuit Court of Montgomery County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the November term, 1903. Affirmed. Opinion filed June 28, 1904.

JETT & KINDER, for appellant.

E. A. CRESS and AMOS MILLER, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

The facts involved in this case, and which are undisputed, are substantially as follows:

On May 15, 1900, Jesse R. McDowell, appellant's intestate, borrowed from appellee, his aunt, with whom he was then living at Liberty, Casey county, Kentucky, the sum of $800, represented by a check for that sum upon the Commercial Bank of Liberty, signed by one Giboney, payable to appellee and by her endorsed to McDowell. Shortly thereafter McDowell returned to Irving, Montgomery county, Illinois, where he had formerly resided, and deposited the check in a local bank for collection. On or about May 28, 1900, the check was duly collected and the proceeds placed to the credit of McDowell in the local bank.

McDowell died at Irving on June 16, 1900, without having drawn or used the proceeds of the check. On August 8, 1900, letters of administration upon his estate were issued to appellant by the Montgomery County Court. The proceeds of the check, which was the only money McDowell had or ever had had on deposit in the Irving bank, and which was substantially his entire estate in Illinois, were turned over to appellant, who inventoried the same as a part of McDowell's estate. At the time of his death, McDowell had other personal property in Casey county, Kentucky, and letters of administration upon the same were issued to one Lester by the County Court of that county. On April 14, 1902, appellee obtained a judgment against Lester, as administrator, in the Circuit Court of Casey county, for the sum of $800 and costs, the same being based upon the aforesaid check. Several payments were made upon the judgment by Lester, but the assets coming into his hands were insufficient to pay the claim in full, whereupon on June 21, 1902, appellee filed in the County Court of Montgomery county the following claim against the estate of decedent:

"1902—April 14, To judgment obtained against estate of Jesse R. McDowell, deceased, in Casey county, Ky ........................ ......... $800 00

April 14, To costs advanced by plaintiff in securing judgment to be recovered with judgment.    10 75

May 22, Interest from May 28th, 1900, to May 22nd, 1902, at 6 per cent as provided by said judgment ..................... ...........    96 48
                                                              _____
                                                              $907 23

May 22, By credit from A. J. G. Giboney, Admr. of R. T. Pierce, decd ...................... $145 04

May 22, By credit from V. M. Lester, Admr. of Jesse R. McDowell, dec'd ................. 200 00
                                                              _____
To balance due May 22, 1902, with 6 per cent interest from said date .................... $562 19 "

Attached to and filed with said claim was a duly authenticated transcript of the judgment of the Casey County

Court.   The claim as presented was duly allowed by the
Montgomery County Court, and appellant appealed to the
Circuit Court.   The Circuit Court upon hearing held that
there could be no recovery under the claim as then pre-
sented, but granted leave to appellee to amend the same,
whereupon she filed an amended claim as follows:

" 1900—May 26, To balance due on check for
  $800, dated May 15, 1900, and drawn by A.
  Giboney, admr., payable to the order of Mary
  E. Pierce and by her endorsed to Jesse R. Mc-
  Dowell................................... $600 —
To money loaned and advanced deceased by
  claimant....................................  600
To money had and received by deceased from
  Mary E. Pierce.............................  600    "

The court then allowed the claim in the sum of $562.19,
and over the objection of appellant, ordered that it be paid
out of the assets of the deceased in due course of admin-
istration.

Appellant insists that it was improper to permit an
amendment to be made to a claim that had in fact been
held to constitute no cause of action; further, that the
amended claim set up a new cause of action, which, not
having been filed within two years from the granting of
the letters of administration, should have been allowed to
be paid only out of the assets not inventoried or accounted
for within two years from the time of the issuing of the
letters of administration.

It is conceded by appellee that the filing of a transcript
of a judgment against an administrator of the same dece-
dent in another state, is not sufficient proof of the claim
against the administrator in this state to warrant its
allowance.   It is contended, however, that the amendment
should not be considered as a new claim presented as of the
date of its filing; that its exhibition related back to the
time the original claim was filed.

It is true, as contended by appellee, that no written
pleadings are required in probate courts, nor is it necessary
that claims should be presented in technical legal form or

precision (Grier v. Cable, 159 Ill. 29); nor are the proceedings in the presentation and allowance of claims governed by the technical rules which govern in a suit at bar (Scheel v. Eidman, 68 Ill. 193); and that county courts are not limited to the technical legal rights of the parties, but may disregard mere arbitrary forms and look to their substantial rights (Clark v. Carr, 45 App. 469); yet it is nevertheless essential that a claim, however informal, should so specify and identify the transaction out of which it arose as to apprise all concerned of its general nature and character, and the amount claimed, so that it can be properly investigated and defended against if desired.  The mere filing of a statement or claim in writing to the effect that the deceased is indebted to the claimant, without stating upon what the claim is based, would not be such an exhibition of the same as is contemplated by statute.  The statement, in a claim, of the cause of action, is therefore material and essential, and goes to the substance of the claim.  The cause of action set out in the original claim in question is for an amount alleged to be due upon a judgment, while the amended claim is by its terms based upon a check and money loaned.  There is nothing upon the face of either which tends to show that one is in any way related to the other or that they grew out of the same transaction; on the contrary, they appear to be based upon different considerations.  The amended claim clearly introduces on its face an entirely different cause of action.  Evidence which would sustain one would not sustain the other, nor could the evidence in defense of either be relied upon as a defense to the other.  C. C. Ry. Co. v. Leach, 182 Ill. 359; Wolf v. Collins, 94 App. 518.  The trial court held that the original claim constituted no cause of action against the estate, but it erroneously permitted the so-called amended claim which set up a distinct and separate cause of action to be filed as an amendment thereto.  While it is proper to permit an amended claim, or an amendment to an original claim, to be filed for the purpose of correcting the same, or making it more specific, or increasing or reducing

the amount thereof, the identity of the claim with the original must appear. The substitution of one cause of action for another entirely foreign thereto, cannot be treated as an amendment to the original. The amended claim in controversy, presenting as it does, a distinct cause of action from the one first filed, must therefore be treated as an original claim. It follows that if the technical legal rights of the parties only are to be observed, and their substantial rights disregarded, the statutory limitation clearly applied thereto, and the allowance of the same to be paid out of inventoried assets, was improper.

Counsel for appellee further contend that, notwithstanding, the Probate Court had power, in the exercise of its equitable jurisdiction, to allow the claim without limitation as to the source of its payment, it appearing from the evidence that it was based upon the same original consideration and transaction as the other, and is just and reasonable. In support of such contention, they cite a number of cases in which the equitable powers of the Probate Court in the allowance of claims against the estates of deceased persons were held to have been properly invoked and exercised. The case of Moore v. Rogers, 19 Ill. 347, involved a claim filed by Rogers against the estate of Moore for balance due on a note executed by Rogers and others. The administrator set up that after the death of Moore, Rogers obtained a judgment on the note against the other makers, and that, having failed to obtain satisfaction from the survivors, he could have relief against the estate of Moore, in equity only. It was held that even if this were so, the County Court had jurisdiction to adjudicate upon the demand as an equitable claim. In its opinion the court says: " The statute providing for the settlement of the estates of deceased persons, empowers the County Court to adjudicate upon all ' claims ' presented for allowance, and provides the mode and time of exhibiting them for allowance; and although the words *claims, demands* and *debts* are used in the statute in apparently the same connection, we are satisfied that mere equitable money demands are within their mean-

ing, and therefore within the jurisdiction of the County Court. Any other construction would seriously embarrass and delay the settlement of estates, and subject them to unnecessary and oppressive costs, by compelling resort in the first instance to courts of chancery, frequently upon inconsiderable claims."

In Dixon v. Buell, 21 Ill. 203, it was held that the County Court has equitable jurisdiction in the allowance of claims against the estate of deceased persons, for money due, and may adopt equitable proceedings, in so far at least as to permit a claimant in such case to proceed in his own name, even when he is an assignee.

In Moline, etc., Mfg. Co. v. Webster, 26 Ill. 234, it was held that debts against a copartnership of which a decedent was a member, the partnership assets being exhausted, may become equitable claims against his estate and be allowed as such by a probate court.

In Hurd v. Slaten, 43 Ill. 348, one Darr assigned a judgment held by him to Slaten and covenanted that a certain amount was due thereon. Slaten knew of certain property of the defendant out of which the judgment could have been made. The attorney of Darr had, prior to the assignment, receipted for the judgment, and the benefit thereof was lost to Slaten. After Darr's death Slaten filed a claim against his estate for the amount of the judgment. In affirming a judgment for the amount of the claim the court said: "It is but just and equitable that Darr's estate should respond to Slaten, and let the administrator pursue the attorney, if any ground of action exists against him. This court has said in several cases that the Probate Court has a sort of equitable jurisdiction over claims presented before it for allowance. It is on this ground that appellee should recover."

In Brandon v. Brown, 106 Ill. 519, the court held that where an administrator, executor or guardian, in rendering his account, charges himself with too much or too little, the County Court, in the exercise of its equitable jurisdiction over the estates of deceased persons and minors, may correct such mistakes, as the facts warrant.

In Wolf v. Beaird, 123 Ill. 585, one Wolf, as executor of the estate of French, erroneously overpaid to one Gharst upon a claim filed by him against said estate, an amount in excess of the *pro rata* share of the assets to which he was entitled. Gharst afterwards died, and Wolf, as executor of French, filed a claim against his estate to recover the excess, which was allowed by the County Court. It was urged that Wolf could only sue in his own individual capacity, and that he could not bring suit until he had advanced enough of his own means to reimburse the estate of French the amount of such overpayment. The court held that in adjudicating upon the claims the County Court was possessed of an equitable jurisdiction; that equity disregards mere matters of form and looks to the substance; that it could make no practical difference to the Gharst estate who owned the claim against it so long as the indebtedness existed, and held that allowance of the claim as presented was proper.

In Doggett v. Dill, 108 Ill. 560, and in Matthews v. Kerfoot, 167 Ill. 313, it was held that in the settlement of estates the Probate Court may exercise jurisdiction equitable in its nature, and, where an estate is liable under the decedent's contract, may enter judgment against it.

In Clark v. Carr, 45 App. 469, it was held that in the allowance of claims against estates, the County Court exercises equitable jurisdiction, and is not limited to the technical rights of parties; that it may disregard mere arbitrary forms of procedure and look to the substantial rights of the parties; and that the equitable owner of a claim can enforce it in his own name.

In Thompson v. Barker, 102 Ill. App. 306, a claim was exhibited against the estate of a deceased surety on the bond of a defaulting executor, by and in the name of the succeeding administrator *de bonis non*. It was urged that no action could be maintained on the bond except in the name of the people of the State of Illinois, to whom it ran. The court held that the Probate Court had equitable jurisdiction to allow the claim notwithstanding it was a legal claim

against a surety who could be held only upon the letter of the bond.

In Title and Trust Co. v. McGlew, 193 Ill. 457, a claim was filed against an estate composed of intermingled items, some of which were entitled to a higher classification than the remainder. It appeared that an account had been stated between the claimant and deceased which showed the amount to be due claimant and it was therefore insisted that the court had no power to inquire into the character of the various items constituting the claim and classify them accordingly. The court held that, under its equitable power, the Probate Court could in passing upon the claim look into the various items and classify them according to their rights under the statute.

In McCall v. Lee, 120 Ill. 261, it was held that the County Court, in considering claims against estates, is not limited to the technical legal rights of the parties, but may act upon their equities; that where a claim has been filed in the time required by law, the court may properly allow it to be amended by changing the name of the claimant even after the time limited for filing claims has elapsed, when the effect is not to introduce a new and different cause of action. That where no new cause of action is introduced, courts will allow amendments liberally for the purpose of avoiding the running of the statute.

Under the foregoing authorities, we are of opinion that, although as presented, the respective claims appear to be based upon different causes of action, the trial court, in the exercise of the equitable jurisdiction possessed by probate courts, properly permitted appellee to show by extraneous evidence that the claims arose from the same original transaction; that the consideration upon which each action was originally based, was, in fact, the loaning of money to the decedent; and that the right to maintain each of said actions was originally the failure of the decedent to repay the same. A cause of action has been defined to consist of the primary rights possessed by the plaintiff and the corresponding duty devolving upon the defendant, together with

the *delict* or wrong. The bases of the causes of action in the claims in question were identical.

It is not contemplated by the statute that claims against estates should be prepared and presented by those skilled in pleading and practice of law, or with strict accuracy as to form. Such requirement would, in many cases, work gross injustice. The trial court properly disregarded the technical rules governing suits at law and considered the substantial rights of the parties only, and we are constrained to hold that its action was proper.

The inherent equities arising from the undisputed facts in evidence are clearly with appellee. The fund out of which she seeks to have her claim paid, was derived almost wholly from the money loaned by her to the decedent. It cannot be said that the administrator was surprised to the prejudice of the estate. According to his own testimony he had full knowledge, at the time of filing the original claim, of all of the facts and circumstances attending the original transaction. We are satisfied that, in equity, the amended claim may be treated and considered as having been presented at the time the original claim was exhibited. The judgment of the Circuit Court should therefore be and is affirmed.

*Affirmed.*