## T. F. Harris v. Sarah A. Harris, Admx., etc.

1. ALLOWANCE OF CLAIM—*when, proper.* Where a claim presented to the Probate Court, based upon a judgment, is claimed not to be joint and several as against the deceased and his co-defendant, the court of probate, under its equitable powers, may look back of the judgment to the obligation upon which it was based, and, if such obligation was joint and several, allow the claim accordingly.

Contested claim in court of probate. Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term. 1904. Affirmed. Opinion filed October 14, 1904. Rehearing denied November 16, 1904.

R. M. PEADRO, for appellant.

JOHN A. BINGHAM, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court in favor of appellee, and against appellant, for the sum of $891.55.

The facts, so far as are necessary to a proper understanding of the questions raised in this court, are substantially as follows: Appellee's intestate, Joseph T. Harris, became surety for appellant upon two notes for $500 each, payable

to-one Kirkwood. Kirkwood brought suits in the Circuit Court upon the notes and recovered judgment thereon against Harris and appellant, jointly. Harris afterward died and appellee was appointed administratrix of his estate. Kirkwood then filed a claim against the estate of Harris based upon the judgments, which was allowed by the County Court, for the balance due on the judgments, appellee interposing no defense thereto. To relieve the real estate of her intestate of the lien of the same, appellee, as administratrix, with funds contributed by herself and the heirs at law, paid the claim in full, and then brought this suit against appellant, to recover the amount so paid by her.

Counsel for appellant contends that, although Harris and appellant may have been jointly and severally liable upon the notes, when the same were merged in joint judgments their liability became joint only; that Harris having died, no action could be had against his estate upon such judgments; that it was therefore the duty of appellee to have interposed a defense to the claim in the County Court, and that had she done so the claim could not have been legally allowed. Waiving the question as to whether when a joint judgment is obtained against both principal and surety, and the surety dies, the estate of the surety is released, we are of opinion that the judgment of the Circuit Court should be affirmed. By virtue of section 3, chapter 27, of the statutes, appellant and Harris were jointly and severally liable upon the original undertaking. Notwithstanding the notes were merged in the judgments so as to bar further actions at law upon the same, the County Court, in the exercise of its equitable powers in passing upon claims against estates, had a right to look beyond the judgments to the original undertaking, and allow the claim as an equitable money demand. People v. Harrison, 82 Ill. 84; Trust Co. v. McGlew, 193 Ill. 457; Wolf v. Beaird, 123 Ill. 585; Matthews v. Kerfoot, 167 Ill. 313; Thomson v. Barker, 102 App. 304, and cases cited; Carter v. Pierce, 114 Ill. App. 589.

The amount due upon the judgments was a valid exist-

ing claim against the estate of Harris, and a defense thereto upon the grounds referred to would have been unavailing.

We do not regard it as material whether the funds used in paying the claims were originally assets of the estate or whether they were contributed by the heirs for that purpose. Having paid the same in her official capacity, as the jury was warranted in finding, appellee acquired a right of action against appellant for the amount thereof.

Appellant also contends that the court gave to the jury improper instructions in behalf of the plaintiff. While we do not fully approve of the instructions, in the view we take of the law applicable to the uncontroverted facts in the case, appellant could not possibly have been prejudiced thereby.

The judgment will be affirmed.

*Affirmed.*