## James A. Christy, et al., v. A. W. Christy, Administrator.

1. PROPOSITIONS OF LAW—*when need not be presented.* Propositions of law need only be presented where a right of trial by jury exists and the same, in the particular case, has been waived.

2. ADMINISTRATOR—*may pass title to personal property.* An administrator may pass title to personal property notwithstanding the sale thereof is made without authorization of an order of court, providing he acts in good faith.

3. ADMINISTRATOR—*when not liable for selling personal property without order of court.* Where an administrator has used such a degree of intelligence as a man of ordinary prudence would have exercised, he is not personally liable for selling personal property without the authorization of an order of court.

Contest in court of probate. Appeal from the Circuit Court of Greene County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed March 20, 1906.

WILLIAM G. BUSBY, RUSSELL KNEISLEY and HENRY T. RAINEY, for appellants.

F. W. LEHMANN, D. M. KIRBY and H. P. NOBLE, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal by several of the heirs at law of Julia A. Christy, deceased, of whose estate A. W. Christy, also an heir at law, is administrator, from an order of the Circuit Court overruling their exceptions to a report of said administrator of the sale of 71 shares of the capital stock of the Wiggins Ferry Company, a corporation. The shares in question were sold by the administrator without an order of the County Court, for the sum of $600 per share. It is contended by appellants that the administrator should be required to account for a larger sum than that realized. The trial judge by his rulings upon the propositions of law presented in behalf of the respective parties, held that the administrator should be charged with such a sum, on account of the sale of the stock in question, as he might have received had he exercised due and proper diligence; that he was bound in the management and sale of the stock to use that judgment, care and diligence which a reasonably prudent man would have exercised under like circumstances; that although he may have acted in the utmost good faith, he was nevertheless liable for any loss the estate may have sustained through a failure to exercise such degree of care; that the statute requiring an administrator to obtain an order of court before selling personalty at private sale is not mandatory; that if the present administrator proceeded without such authority and sold the stock at private sale upon his own judgment alone, he was not held to a greater degree of diligence than if he had proceeded under an order of court under the statute; and that although he may have failed to sell the stock for the best price obtainable he was not liable to account for the same at that price, provided he had exercised due diligence. It is contended that in this respect the court erred. In proceedings of this character it is unnecessary to submit propositions of law in order to have reviewed the questions of law presented by the record. The statute applies only to cases where the parties are entitled to a trial by jury and such right has been waived. We

are of opinion, however, that the law applicable to the facts presented, is as held by the court. The legal title to the personal estate of his intestate was vested in the administrator (Neubrecht v. Santmeyer, 50 Ill., 74), and we see no reason why he had not the power to pass such title at private sale, if made in good faith, although without an order of court (Horner's Probate Law, 484; Burnap v. Dennis, 3 Scam., 482), provided that in making such sale he exercised such degree of care and diligence as a reasonably prudent person would have exercised under like circumstances. It is unquestionably true that, except in rare cases, it is proper and advisable for an administrator, before selling the personal property of his intestate, to obtain authority from the probate court so to do, thus protecting himself, where he has acted in good faith, from the charge of a lack of diligence in obtaining a fair price therefor, but our attention has been called to no authorities holding that a failure to do so imposes upon him a greater degree of diligence than he would be otherwise bound to exercise. We therefore conclude that the only question for our determination is whether the trial court was warranted, under the evidence, in holding that the administrator acted in good faith, and that, in making the sale, he used the same judgment, care and diligence as a reasonably prudent person would have exercised under like circumstances to obtain the best price possible for the stock. Unless the findings of the trial judge upon this question, which is clearly one of fact, were manifestly contrary to the evidence, we are not at liberty to disturb the same.

The evidence tends to disclose the following facts: Julia A. Christy died intestate in Greene county, Illinois, about 1894, leaving a sister and three brothers as her heirs at law. A part of the assets of her estate consisted of 71 shares of the stock of the Wiggins Ferry Company, a corporation conducting a ferry business across the Mississippi River at St. Louis. Prior to that time a dividend of 8 per cent. per annum had been paid upon the stock and it was worth not to exceed $250 per share. On April 29, 1902, for some rea-

son which does not appear in evidence, the estate was still unsettled and the assets undistributed. On that day the administrator sold and delivered the stock in question to the Mississippi Valley Trust Company for $600 a share. At that time two competing railroad companies were endeavoring to acquire control of the corporation and were respectively represented by said Mississippi Valley Trust Company and the Mercantile Trust Company, both of St. Louis, Missouri. Strenuous efforts were made by each of said trust companies to acquire a sufficient number of shares of stock to control the corporation and with this end in view a number of blocks of stock were purchased by them at abnormal prices ranging from $555 to $1,500 per share. This resulted in an excited condition of affairs for the reason that if either company acquired a majority of the stock or should cease its efforts in that direction, it was obvious that the stock would resume its normal value. For this reason the prices paid for the stock fluctuated so quickly and so greatly that its value became almost altogether a matter of mere speculation. There is evidence tending to show that the administrator was active in endeavoring to obtain the best prices possible for the stock held by him and was fully alive to the possibilities of the situation. While it is possible that one accustomed to handling stocks in like extraordinary situations might have by unusual shrewdness, skill and discretion, obtained a better price for the stock, we are of opinion, after a careful perusal of the evidence, that the trial judge was not warranted in finding that the diligence and judgment exercised by the administrator was such as would have been used by a reasonably prudent person, under like circumstances. Neither was the court unwarranted in finding that the administrator acted in other than good faith. There is no evidence from which bad faith can be inferred. What has been said disposes of the contention that the administrator was guilty of *devastavit*.

The decree of the Circuit Court will be affirmed.

*Affirmed.*