William Jenson, Appellant, v. Joe Muting, Appellee.

Gen. No. 33,827.

Opinion filed January 27, 1930.

MONAHAN & MONAHAN, for appellant.

VITO B. CUTTONE, for appellee; LOUIS J. LEO, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff appeals from an adverse judgment entered upon the finding of the trial court in an action for money paid to defendant for the purchase of shares of stock but by mutual mistake shares of stock were delivered other than those contemplated by the agreement of purchase.

Plaintiff and defendant, who had had business relations with each other, had a conversation about April 21, 1928, in which defendant told plaintiff that he had some stock, eight shares in the Radio Corporation of America, and asked plaintiff if he did not wish to buy it. Plaintiff was favorable to the proposition but not knowing the market value called up a stock brokerage concern and inquired as to the market value of preferred and common stock of this corporation and also looked at the newspaper to ascertain the market value. From the information thus derived plaintiff figured the value of the preferred stock at $55 a share and of the common stock at $170 a share, which would make the total value of the eight shares about $1,800. He agreed to pay defendant this amount, and his checks were drawn and delivered to defendant and the stock certificates were assigned to plaintiff, who left them with his bank with instructions to send them to New York for the purpose of having new certificates issued to himself. In about a week plaintiff learned that the certificates did not represent the stock of the Radio Corporation of America that was on market at the time he purchased the same, but represented stock that had been called in for cancellation by action of the stockholders and directors of the company in May, 1924, some four years prior to the time of the instant transaction, and that their value was $350. When plaintiff learned this, he told defendant and asked him to go to the bank to confirm the facts for himself. Defendant promised to do so, but did not. Plaintiff then wrote and mailed a registered letter to defendant, who refused to receive it, and the letter was returned to plaintiff marked "refused." This suit followed.

A mere recital of the transaction shows that it is a case calling for the application of the well established rule that money may be recovered which has been paid under a mistake as to a material fact, and when there has been a mutual mistake of facts money paid under

such circumstances may be recovered. *McLean County Bank v. Mitchell,* 88 Ill. 52; *Stempel v. Thomas,* 89 Ill. 146; *Bradford v. City of Chicago,* 25 Ill. 411; *Wolf v. Beaird,* 123 Ill. 585. There are many other cases holding, in effect, that an action will lie for money had and received for the use of plaintiff, wherever by means of a contract relation defendant has obtained money which, in justice, he ought to return. *Arnold v. Dodson,* 272 Ill. 377; *Citizens' Gas-Light & Heating Co. v. Granger,* 118 Ill. 266; *Drennan v. Bunn,* 124 Ill. 175; *May v. Disconto Gesellschaft,* 211 Ill. 310.

The trial court seems to have applied the doctrine of *caveat emptor* and held that in the absence of any misrepresentation on the part of the seller, the buyer was bound by whatever amount he had agreed to pay. This might be the rule where by inspection of an article the buyer could ascertain all the material facts. In the instant case nothing could be determined by inspection of the certificates which are not the stock itself but simply muniments of title. *Wuller v. Chuse Grocery Co.,* 241 Ill. 398. Both parties supposed that they were negotiating for current stock of the Radio Corporation of America, and plaintiff made a proper investigation of the value of such stock and the transaction was closed on this basis.

It was not necessary to entitle plaintiff to recover that defendant should purposely perpetrate a fraud upon plaintiff. If defendant did not know that his certificates represented old stock, then the minds of plaintiff and defendant did not meet and there was no valid sale. On the other hand, if defendant did know that these certificates represented stock which had been called but sold them for current stock at the market value of such stock, he perpetrated a fraud upon plaintiff.

Plaintiff has elected to retain the certificates which were delivered to him at their value of $350, and seeks to recover $1,450, which is the difference between this

amount and the $1,800 he paid defendant. Plaintiff has a right to do this. 2 R. C. L. 759; *Kellogg & Co. v. Turpie,* 93 Ill. 265; *Bates v. Bates Mach. Co.,* 230 Ill. 619.

For the reasons above indicated the judgment is reversed with a finding of fact, and as the case was tried by the court judgment will be' entered for the plaintiff in this court for $1,450.

*Reversed with finding of fact and judgment here for plaintiff.*

MATCHETT and O'CONNOR, JJ., concur.

We find, as a fact, that plaintiff paid defendant $1,800 under the mutual mistaken belief that the stock for which the money was paid was the current market stock of the Radio Corporation of America and not stock which had been called some years before.