Moore et al. *v.* Rogers.

J. MILTON MOORE *et al.*, Administrators of James N. Moore, deceased, Appellants, *v.* AUSTIN F. ROGERS, Appellee.

APPEAL FROM MONROE.

Where the promise of several is joint, and not several, the survivors only can be sued at law; but if satisfaction be not obtained of the survivors, proceedings against the estate of the deceased promissor can only be taken in equity. In such case, a judgment against one or more is a bar to another action on the same contract, whether against the same or other parties.

Where a promise is joint and several, distinct remedies may be taken against the promissors, until satisfaction is obtained.

The County Court has jurisdiction over a demand against a deceased co-promissor, and may adjudicate upon it as an equitable money claim.

AT the April term of the Monroe county Circuit Court, 1856, Rogers brought suit on the following note, against Nelson L. Moore and Ambr. Hoener, and recovered judgment for $318.75:

Twelve months from date, we, or either of us, promise to pay Austin F. Rogers, or order, five hundred dollars, and if not then paid, ten per cent. interest till paid, for value received.                NELSON S. MOORE,

JAS. N. MOORE,

*March* 16, 1855.                AMBR. HOENER.

On which note was the following indorsement:

Received the interest on the within note up to September 5th, 1855.

A. F. ROGERS.

Execution issued, and sheriff made $91.05, to be applied on judgment, and returned execution ; subsequently another execution issued, and was returned, " no property found." ;

At the February term of the Monroe county Probate Court, 1857, Rogers filed a claim against the estate of James N. Moore, deceased, for the remainder of said judgment unpaid. The appellants put in a special plea of former recovery in bar ;. plea overruled, and judgment in favor of Rogers for the sum of $318.75 against the estate. The administrators appealed to Circuit Court, BREESE, Justice, presiding, who gave final judgment against appellants for $241.85, for the unpaid remainder of former judgment against Nelson S. Moore and Ambr. Hoener, from which administrators again appeal.

GEORGE ABBOTT, for Appellants.

UNDERWOODS, for Appellee.

SKINNER, J. Rogers filed a claim in the County Court, against the estate of James N. Moore, for a balance unpaid on a joint and several promissory note, executed by said James N. Moore, Nelson S. Moore and Ambr. Hoener, to said Rogers. The administrator of James N. Moore appealed to the Circuit Court, and, on the trial, set up in bar and proved that Rogers, after the death of James N. Moore, obtained judgment on the same note against Nelson S. Moore and Hoener, as surviving promissors. The court rendered judgment in favor of Rogers for the balance unpaid of the note.

Where the promise of several is joint, and not joint and several, the survivors only can be sued at law ; and the promissee, failing to obtain satisfaction from the survivors, can have relief against the estate of the deceased promissor only in equity. And a judgment against one or more of several joint obligors or promissors, is a bar to another action upon the same contract against the same or other parties, for the contract is merged in the judgment and can no longer be made the subject of an action. *Powell* v. *Kettelle*, 1 Gil. R. 491 ; *Wann* v. *McNulty*, 2 Gil. R. 355 ; *Thompson* v. *Emmert*, 15 Ill. R. 415 ; Chitty on Bills, 563, 564.

Where, however, the promise of several is both joint and several, the contract, in legal effect, is double, that is, equivalent to independent contracts, founded upon one consideration, for performance severally, and also for performance jointly, and distinct remedies upon the same instrument, treating it as a joint contract and as a several contract, may be pursued until

satisfaction is fully obtained. 1 Greenl. Ev., sec. 539 *a*, and cases there cited ; 1 Chitty's Pl. 43, 44.

In this case, therefore, there was a several promise of the intestate, upon which he, in his lifetime, could have been sued alone, and which constituted a valid claim, at law, against his estate. And, even if Rogers, by obtaining judgment on the note against two of the three makers of the note, as a joint promise or contract, could proceed in equity only against the estate of the deceased co-promissor, this court is of opinion that the County Court had jurisdiction to adjudicate upon the demand as an equitable money claim. The statute providing for the settlement of the estates of deceased persons, empowers the County Court to adjudicate upon all " claims " presented for allowance, and provides the mode and time of exhibiting them for allowance ; and although the words *claims, demands* and *debts,* are used in the statute in apparently the same connection, we are satisfied that mere equitable money demands are within their meaning, and, therefore, within the jurisdiction of the County Court. Any other construction would seriously embarrass and delay the settlement of estates, and subject them to unnecessary and oppressive costs, by compelling resort in the first instance to courts of chancery, frequently upon inconsiderable claims.

*Judgment affirmed.*