THE PEOPLE, for use of Oliver Miller *et al.*

*v.*

DEMPSEY HARRISON, Admr.

1.   JUDGMENT—*against one obligor, when bar to suit against others.*   A recovery against one of several persons who are only jointly liable for the payment of the debt or the discharge of a legal liability, releases the others, and forms a complete bar to a recovery at law against them.

2.   JOINT AND SEVERAL OBLIGATION—*remedies afforded.*   Where an obligation is joint and several, as, a guardian's bond, the law affords two distinct remedies to the obligee: one by a joint action against all the obligors, and

the other by a several action against each; and a joint action, brought against all, is no bar to a subsequent suit against one alone.

3. Where suit was brought upon a guardian's bond against the sureties and the administrator of the guardian, but no service was had on one surety, and the suit was dismissed as to the administrator, and judgment taken against the defendant served, alone, and afterwards the same demand was filed as a claim against the estate of the deceased guardian: *Held*, that the prior judgment was no bar to the claim in the county court, for the reasons that the obligation was joint and several, and because the county court has jurisdiction to allow an equitable demand.

APPEAL from the Circuit Court of Clay county; the Hon. JAMES C. ALLEN, Judge, presiding.

Mr. RUFUS COPE, for the appellant.

Mr. W. B. COOPER, and Messrs. HITCHCOCK & FINCH, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Abraham Miller was appointed guardian of certain minors in Clay county, and to secure the faithful discharge of his duties he entered into a joint and several bond, with Joseph Maxwell and Solomon Miller as his sureties.

Subsequent to the execution of the bond, and after a default on the part of the guardian to comply with the terms and conditions thereof. Maxwell died. A suit was instituted upon the bond against the guardian, Solomon Miller, one of the sureties, and the administrator of the estate of Maxwell. Service was had upon Miller and the administrator, but the suit was dismissed as to the latter, and judgment rendered against Solomon Miller.

The judgment not having been paid, a claim was presented in the county court for allowance, against the estate of Maxwell. From the decision of the county court an appeal was taken to the circuit court, where a trial was had, in which the court denied the allowance of the claim, upon the ground that the former action against the guardian and surety upon the bond, which resulted in a judgment against the surety, was a

bar to a recovery in this proceeding against the estate of Maxwell.

It may be regarded as well settled, that a recovery against one of several persons, who are jointly liable for the payment of a debt or the discharge of a legal liability, releases the others, and forms a complete bar to a recovery at law against them. *Wann* v. *McNulty,* 2 Gilm. 355; *Thompson* v. *Emmert,* 15 Ill. 415; *Moore* v. *Rogers,* 19 Ill. 347; *Mitchell* v. *Brewster,* 28 Ill. 163.

But the question presented by this record arises not upon a joint contract, but the obligation is both joint and several, and hence the rule in relation to a joint undertaking does not apply.

Contracts which are joint and several may be regarded as furnishing two distinct remedies: one by a joint action against all the obligors, the other by a several action against each. Freeman on Judgments, sec. 335. If this be correct, an action against all the obligors on the joint liability would not be a bar to an action against each one on the several liability.

As was held in *Moore* v. *Rogers, supra,* where the contract is joint and several, its legal effect is double, equivalent to independent contracts founded upon one consideration, for performance severally and also for performance jointly; and distinct remedies upon the same instrument, treating it as a joint contract and as a several contract, may be pursued until satisfaction is fully obtained.

The bond executed by Maxwell was a several contract on his part, upon which he could have been sued alone in his lifetime, and after his death the obligation remained as a valid legal claim against his estate.

But even if it was true the plaintiff, by instituting suit against two of the makers of the bond as a joint obligation, and obtaining judgment against one, could only proceed in equity to obtain satisfaction from the estate of the deceased, yet, under the authority of *Moore* v. *Rogers, supra,* the plaintiff had a clear and undoubted right to have the claim allowed against the estate.

As the court erred in refusing to allow the claim upon the proofs, the judgment will be reversed and the cause remanded.

*Judgment reversed.*