GEORGE HIMROD *et al.*

*v.*

THOMAS BAUGH, for use, etc.

*85  435*
*32a 391*
*85  435*
*46a 443*
*85  435*
*88a  29*
*88a 565*
*85  435*
*e115a³436*

1. ASSIGNMENT—*of judgment—garnishment before notice.* Until after notice of the assignment of a judgment against a party, he will be justified in dealing with respect to it as belonging to the party recovering the same; and if, before notice of its assignment, he is garnisheed as the debtor of such owner, and is compelled to pay money as such garnishee, the payment so made will be taken as an extinguishment or satisfaction *pro tanto* of the original judgment, notwithstanding it has been assigned before the garnishee proceedings.

2. SAME—*of judgment, subject to all defenses.* The assignee of a judgment takes it subject to all defenses existing at the time against the assignor. The judgment debtor may set off a demand due him from the assignor at the time of the assignment.

3. SET-OFF—*principal and surety may set off debt due the former.* In a suit against a party and his sureties, a debt or demand due from the plaintiff to the principal defendant may be set off.

4. SURETY—*matter of defense when sued jointly with principal.* It seems that any matter of defense not merely personal in favor of a principal, when sued alone, is admissible in favor of the principal and surety, when sued together.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. M. MILLARD, for the appellants.

Mr. WILLIAM G. KASE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit upon an appeal bond, executed by George Himrod, John B. Lovingston and Mortimer Millard to Thomas Baugh, on the 31st day of October, 1872, upon an appeal to the circuit court of St. Clair county from a judgment recovered by said Baugh against said Himrod and A. E. Ellithorpe, on the 30th day of October, 1872, in the City Court of East St. Louis, for the sum of $338.95, and costs of suit.

The declaration avers, that at the April term of such circuit court, on the 20th day of April, 1874, the judgment appealed from was affirmed, and the appeal dismissed for want of prosecution. The breach assigned is the non-payment of the judgment. The suit was brought for the use of Levi Baugh, to whom it is alleged the judgment was assigned, for a valuable consideration, on the 2d day of June, 1874. Judgment was given for the plaintiff, the damages being assessed at $453.90, and the defendants appealed to this court.

The error assigned is in sustaining a demurrer to the defendant's special plea of set-off.

The plea was, in substance, that one Neidenfeldt obtained two judgments against the said Thomas Baugh on the 4th day of March, 1874, one for $182.32, and the other for $76.25; that, subsequently, there was a garnishee proceeding instituted upon the judgments against the aforesaid Himrod and Ellithorpe, as garnishees of Thomas Baugh, and that on the 11th day of June, 1874, judgment was rendered against them in that proceeding as such garnishees, for the sum of $187.67, and $3.60 costs of suit; that, afterwards, on the 5th day of September, 1874, upon another like garnishee proceeding upon said judgments in favor of Neidenfeldt, there was another judgment rendered against Himrod and Ellithorpe, as garnishees of Thomas Baugh, for the sum of $86.90, and $3.60 costs, whereby the said Himrod and Ellithorpe became bound to pay the amount of the said two garnishee judgments to the said Neidenfeldt instead of to the said Thomas Baugh; that, further, at the April term, 1874, of the circuit court of St. Clair county, the said Himrod and Ellithorpe recovered a judgment against the said Thomas Baugh for the sum of $52 and costs, which is still unpaid and unsatisfied—all of which occurred before the said Himrod and Ellithorpe had any notice of the pretended assignment to Levi Baugh of the judgment named in the appeal bond; that Himrod and Ellithorpe had paid the garnishee judgments, and they were willing that the said several judgments should be applied in the satisfaction of the judgment of Thomas Baugh against them; that the said

Lovingston and Millard were mere sureties for Himrod and Ellithorpe in the appeal bond.

Although, according to the averment of the declaration, the judgment of Thomas Baugh against Himrod and Ellithorpe was assigned to Levi Baugh on the 2d day of June, 1874, and the garnishee judgments against Himrod and Ellithorpe, as garnishees of Thomas Baugh, were not obtained until after that time, as stated in the plea, viz: on the 11th of June and the 5th of September thereafter, yet the plea avers a want of any notice of the assignment when the garnishee judgments were rendered.

After notice of the assignment of the judgment to Levi Baugh, Himrod and Ellithorpe would have been bound to pay the same to him, and if they had had notice of the assignment at the time, they might have made answer of such fact in the garnishee proceeding, and have protected themselves from a judgment against them as garnishees of Thomas Baugh, as owing the judgment to him. But, until notice of the assignment, they were justified in dealing, with respect to the judgment, as belonging to Thomas Baugh, who recovered it, and having no such notice, they could but make answer, as garnishees, of their indebtedness to Thomas Baugh upon the judgment.

The garnishee judgments were properly rendered against the garnishees without fault on their part, and, having been paid, should be held to operate as an extinguishment or satisfaction *pro tanto* of this judgment of Thomas Baugh against them. *Minard* v. *Lawler*, 26 Ill. 301; Drake on Attach. § 710.

It does not appear that Himrod and Ellithorpe were indebted to Thomas Baugh otherwise than upon the judgment named in the appeal bond.

The judgment for $52 and costs, recovered by Himrod and Ellithorpe against Thomas Baugh, stands upon a somewhat different footing. This recovery was previous to the assignment of the judgment involved in this suit. The assignee took the assignment, of course, subject to all defenses existing at the time

against the assignor. This judgment, however, is but strictly matter of set-off, and it is in favor of Himrod and Ellithorpe, and not in favor of Himrod, Lovingston and Millard, these defendants; and it is the general rule, that demands to be set off must be mutual, as respects the parties, due from the plaintiff to the defendant, or defendants—that joint and separate debts can not be set off against each other.

But Himrod and Ellithorpe are, here, the principal debtors, and Lovingston and Millard only their sureties; and such a circumstance has been admitted, by some courts of respectable authority, as creating an exception to the general rule, they holding that a claim of the principal debtor against the plaintiff may be set off in an action against the principal and his sureties. *Mahurin* v. *Pearson*, 8 N. H. 539; *Concord* v. *Pillsbury*, 33 id. 310; *Brundridge* v. *Whitcomb*, 1 Chipman, 180. We are inclined to accept the rule of these authorities. It seems to be in consonance with the equitable principles which so largely govern the relation of principal and surety, and we are struck with the fitness of allowing whatever, not merely personal, would be matter of defense for the principal debtor, were he sued alone, to be admitted as a defense in favor of the principal and surety, when they are sued together.

The principal debtor is the real debtor, and the surety but security for the payment of the principal's separate debt; and off-setting a demand in favor of the principal debtor alone, when sued with his surety, is setting off against each other what may be regarded as, essentially, mutual debts. See, too, Waterman on Set-offs, § 237; *Bourne* v. *Bennett et al.* 4 Bing. 423. In *Ex parte Hanson*, 18 Vesey, 232, it was observed by Lord Eldon, in reference to the indebtedness of principal and surety on a joint bond, that the joint debt was nothing more than *a security for a separate debt.*

We are of opinion that the court below erred in sustaining the demurrer to this plea, and the judgment is reversed and the cause remanded.

*Judgment reversed.*

Mr. Chief Justice Scholfield and Mr. Justice Walker: We are unable to concur in the decision in this case. The rule of set-off adopted by this opinion is opposed to the current of authority, if not the former decisions of this court.