## Merchants National Bank v. Joseph W. Maple.

1. Banks and Banking—*Right to Apply Deposits on Notes.*—A person drew checks upon a bank aggregating the amount of his deposit. Before the checks were presented for payment, the bank applied the deposit upon a note it held against the drawer and another person and entered it as a credit thereon. *Held,* that the bank had the legal right to make such application.

2. SAME—*Drawer and Drawee of Checks—Against Deposits.*—The drawee of a check upon the drawer's deposit in a bank is in no better position than the drawer, and if, at the time of presenting the check for payment, the drawer can not recover his deposit, the drawee can not compel payment of the check.

3. PROMISSORY NOTES—*Joint and Joint and Several—Set-off.*—A joint promissory note is also joint and several under the statute and one of the makers may be sued alone upon it or it may be sued as a counter claim or set-off against one of the makers in an action brought by him against the holder of the note.

**Assumpsit,** on checks. Error to the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the December term, 1895. Reversed and remanded. Opinion filed June 1, 1896.

PAGE, WEAD & PUTERBAUGH, attorneys for plaintiff in error.

Plaintiff not having presented his checks to defendant for payment until after the application was made by defendant of the deposit on the note, there was no appropriation, so far as defendant is concerned, of the deposit to the payment of plaintiff's checks; so plaintiff is in the same position as Bowman would be if suing for the deposit. Metropolitan National Bank v. Jones, 137 Ill. 634; Bank of Antigo v. Union T. Co., 149 Ill. 352.

By statute of Illinois the note in evidence is the joint and several note of the makers. Marine National Bank v. James H. Ferry's Admr's, 40 Ill. 255.

And the holder could have proceeded against both or either for payment. People, for use, etc. v. Harrison, Administrator, 82 Ill. 84.

Being joint and several, and an instrument on which the bank might have proceeded against Bowman alone, it is a proper set-off or counter-claim to be used against the demand in this case. Parsons on Bills and Notes, 609; Ferguson v. Millikin, 42 Mich. 441; 22 Am. & Eng. Ency. of Law, 288; Hurdle v. Harmer, 5 Jones (N. C.) 360; Pate v. Gray, Heinstead (U. S.) 155; Randolph on Commercial Paper, Vol. 3, 1863; 20 Barbour, 447; Branch, etc. v. Morris, 13 Iowa, 138; 13 Upper Canada Common Pleas, 405; Dunwiddie v. Kerley, 6 J. J. Marsh. (Ky.) 501.

A bank may apply on a matured indebtedness so much of its debtor's deposit as is sufficient to pay it. Home National Bank v. Newton, 8 Ill. App. 563; Myers v. The Union National Bank, 27 Ill. App. 254; Hayden v. Alton National Bank, 29 Ill. App. 458; Daniel on Neg. Ins., Vol. 2, Sec. 1429.

On a joint and several note, parties may be pursued all at once, or separately, until satisfaction is had. People, etc., v. Harrison, 82 Ill. 84.

Under partnership liability, recovery against one is a bar to any recovery against others. Jansen v. Grimshaw, 125 Ill. 475; Lindley on Partnership, Vol. 1, star 193.

A partnership liability is joint and not several. Lindley on Part., Vol. 1, star 193.

Where by the statute the debt of a partnership is joint and several, so that a creditor could have sued a single partner, he can set off his claim against the firm against the claim of such partner. Allen v. Maddox, 40 Iowa, 124; Bates on Partnership, Vol. 2, Sec. 1081.

J. W. MAPLE, attorney for defendant in error.

It is a familiar rule that debts, to be the subject of set-off, must be mutual between the parties to the action. A debt due from a firm can not be set off against the claim of an individual partner of the firm. Coates v. Preston et al., 105 Ill. 470; Hilliard v. Walker, 11 Ill. 644.

A separate demand can not be set off against a joint one, nor can a joint debt be set off against a separate one. The demands to be set off must be mutual, and between all the parties to the action. Burgwin et al. v. Babcock et al., 11 Ill. 28; Lemon v. Stevenson, 36 Ill. 49.

A bank has the right of set-off as against a deposit only when the individual, who is both depositor and debtor, stands in both these characters alike in precisely the same relation and on precisely the same footing toward the bank. Hence, an individual deposit can not be set off against a partnership debt. The International Bank v. Jones et al., 119 Ill. 407.

A bank can not charge an over-draft of a firm against the individual account of a member of the firm, although the member, as such, may be liable for the over-draft. Adams v. First National Bank, 113 N. C. 332; 18 S. E. Rep. 513.

OPINION PER CURIAM.

This is a suit by appellee on two checks, of date January 24, 1895, and February 5, 1895, respectively, drawn by John Bowman on appellant, the first for $35.82, and the second for $117.73, aggregating the exact amount of the deposit of the drawer in appellant's bank. The appellant held a promissory note given by said John Bowman and Val G. Heiter for the sum of $400, of date April 3, 1894, due in ninety days, and before either of the above checks was presented for payment, the appellant had applied the entire deposit as payment on said note, and entered it as a credit thereon.

When the checks were presented appellant refused to pay either of them for the reason that the drawer had no money in the bank on deposit out of which to pay them, it having been applied on the said note. The appellee then brought suit on the checks.

The case was tried by the court without a jury and the appellant pleaded the set-off of the note as against the deposit of Bowman. The court refused to allow the set-off, and gave judgment for appellee for the amount of the two checks.

The only question in the case is whether the appellant had the legal right to apply the bank deposit of Bowman to the payment of his note.

The appellee, not having presented his checks for payment till after the appellant had applied the deposit as payment on the note, he is in no better position than Bowman would have been had he sued to recover the deposit himself. Metropolitan National Bank v. Jones, 137 Ill. 634; Bank of Antigo v. Union Trust Co., 149 Ill. 352.

The question presented is, could appellant apply the individual deposit of Bowman on a note signed by himself

and another? On this subject we have no doubt. While the note was joint, it, under our statute, was also several, and appellant might sue Bowman alone on the note and recover the amount due, or it might treat the makers as joint debtors and sue them jointly and severally. The Marine National Bank v. Ferry's Adm'rs, 40 Ill. 255; The People, for use, etc., v. Harrison, Adm'r, 82 Ill. 84.

The note could be used as a counter-claim or set-off against Bowman in any suit he might bring to recover his deposit from the bank. Heydon v. Alton National Bank, 29 Ill. App. 458.

The appellee attempted to show that the note in question was a partnership note of the makers, and that therefore could not be set off against the individual deposit of Bowman. The court below seemed to take that view of it, and refused to allow the set-off or application of Bowman's deposit account on the note. We think this was error. The giving of the note to the bank as individual, in law divested it of its partnership character, so far as to make the debt or cause of action joint and several and not joint only, as it would have been had the makers owed the appellant as partners only. Appellant, besides, had no notice of the partnership character of the maker's indebtedness and accepted the note as a joint and several obligation.

Had appellant brought suit against Bowman alone, could he be allowed to plead in abatement joint indebtedness of the two makers as partners and thereby defeat the action against him alone?

We think clearly not. The cases cited by appellee showing that under certain circumstances a note given by partners as individuals can be shown by parol to have been given for a partnership debt, do not apply in a case like this. Because the court should have found for appellant on the facts, the judgment of the court below is reversed and the cause remanded.