## Kosciuszko Building and Loan Association v. Joseph E. Dudek et al.

1. PRACTICE—*Recoveries in Suits Against Joint Defendants.*—When a suit is brought upon the bond of the secretary of a building and loan association, and his sureties jointly, a recovery can only be had against them jointly, although each of them might have been sued separately, and if any one of the defendants makes a successful defense as to himself there can be no recovery against any of them.

**Debt**, on the bond of a secretary of a building and loan association. Appeal from the Circuit Court of Cook County; the Hon. CHARLES W. BISHOP, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed March 20, 1902.

PEASE & POLKEY, attorneys for appellant; YOUNG, MA-KEEL & BRADLEY, of counsel.

No appearance for appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellant sued Joseph E. Dudek and his sureties on his official bond as secretary of appellant. The sureties are Martin Wiora and Jabez Swierski. The penalty of the bond is $3,000, and the condition is, substantially, that Dudek should perform faithfully the duties of his office, and truly account for moneys, etc., coming to his hands during his term of office, and, at the expiration of his term of office should pay over to his successor, or other person duly authorized by the association to receive the same, all moneys which should come to his hands as secretary, and not otherwise lawfully paid out, etc.

There are numerous breaches assigned, but the breach that he collected and received, as secretary, a large amount of money which he failed to account for, is the main one to be considered. Dudek was defaulted, and the other defendants, Wiora and Swierski, pleaded, among other pleas, *non est factum*. The pleas of *non est factum* are not verified.

It appears from the record that leave was given to the

defendant Swierski to file such a plea verified, but no verification of the plea is contained in the record. The cause was submitted to the court for trial, without a jury, and the court found the issues for the defendants and rendered judgment accordingly.

No brief or argument has been filed in this court for any of the appellees. Dudek was elected secretary of the association September 9, 1896, and continued to act as secretary until March, 1897, and it appears from the evidence that he received, as secretary, large amounts of money, and the evidence tends to prove that he failed to account for a considerable amount of the money so received by him.

The suit being against all the defendants jointly, a recovery could only be had against them jointly, although each one of them might be sued separately. 2 Starr & Curtis' Stat. 1896, Chap. 76, Sec. 3; People, etc., v. Harrison, 82 Ill. 84; Kingsland v. Koeppe, 137 Ib. 344.

Such being the law, if any one of the defendants made a successful defense as to himself, there could be no recovery against any of them. It was, therefore, of vital importance that the issues made should be understood, and that they only should be tried. But the court allowed the defendant Swierski to produce evidence tending to prove that he did not sign the bond or authorize his name to be signed thereto, which evidence is only permissible under a plea verified as prescribed by section 33 of the practice act. The trial court was doubtless misled by the fact that leave had been given to Swierski to file a verified plea; in which case it was natural for the court to presume that Swierski's attorney had acted on such leave. For aught we can tell from the record, the court may have found that Swierski did not sign the bond, and therefore found the issues for all the defendants. As the cause will have to be retried, if the litigation goes on, we think it proper to suggest that it appears from the record that there are very numerous items in the account of Dudek as secretary, and that the manner in which the account is presented is such that a jury could not possibly keep it in mind, or render an intelli-

gent verdict as to the amount due from Dudek, if anything. In such case there should be a clear statement of account, as concise as practicable. The judgment will be reversed and the cause remanded.