## John Joyce v. Lucinda Spafford.

1. JUDGMENT—*Against One of a Number of Joint and Several Contractors Does Not Release the Others.*—The rule in this State and generally, is, that a judgment against one of joint and several contractors does not release the others, neither is it a bar to a suit against them until a satisfaction is had.

2. RENTS—*Guaranty of Monthly Installments—Suits for Separate Installments.*—Where a person guarantees the payment of the monthly installments of rents under a lease for a term of years, the lessor may have an action for each monthly installment of such rent as it becomes due, or wait until the expiration of the term and bring one action for the entire amount then due.

**Action on a Guaranty.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed on a remittitur. Opinion filed April 4, 1902.*

EDWARD MARSHALL, attorney for appellant.

MATZ, FISHER & BOYDEN, attorneys for appellee.

* Remittitur filed and cause affirmed April 8, 1902.

MR. JUSTICE WATERMAN delivered the opinion of the court.

This was an action for an alleged breach of a guaranty written upon a lease made by appellee to one James P. McMahon. The guaranty, signed by appellant and Patrick McMahon, was as follows:

"For value received we hereby guarantee the payment of the rent and the performance of the covenants by the party of the second part in the within lease, covenanted and agreed in manner and form as in said lease provided."

The term of the lease was from May 1, 1899, to April 30, 1902, for the gross rental of $5,500, in monthly installments of $150. The lease contained the following covenant:

"Seventh. If said party of the second part shall abandon or vacate said premises, the same shall be relet by the party of the first part for such rent and upon such terms as said first party may see fit; and if a sufficient sum shall not be thus realized, after paying the expenses of such reletting and collecting, to justify the rent hereby reserved, the party of the second part agrees to satisfy and pay all deficiency."

The tenant failed to pay the rent for November and December, 1899, amounting to $300, and appellant, Joyce, paid it under his guaranty. The tenant continued in default and no rent was paid for the next four months. April 5, 1900, the tenant abandoned the premises; appellant, Joyce, thereupon procured the keys of the premises, turned them over to appellee's agent and joined with him in the effort to relet the premises for the remainder of the term. A lease was made to the city of Chicago for five years from May 1, 1900, at $125 per month, the acceptance of which was advised and agreed to by Joyce. Various expenditures for repairs and labor were necessary to place the premises in the same condition they were in when the lease to McMahon was made. These amounted to $71.50. There appears to be no controversy over these items.

April 25, 1900, appellee sued John Joyce and Patrick McMahon, in the Superior Court, and recovered a judgment against Joyce for the claim upon which the judgment in the present action was had. Joyce took from the judg-

ment against him only, in the former suit, an appeal to this court, and that judgment was here reversed and the cause remanded May 6, 1901. In the present action against Joyce only, he pleaded the former judgment and pendency of the appeal therefrom to this court. Issue was joined thereon.

August 27, 1900, appellee commenced this suit against appellant for the amount due for rent of the premises for January, February, March and April, 1900, being $600; for the repairs, etc., $71.50, and for damages for the remaining two years of the term ($600), being the difference between the monthly rental reserved in the lease ($150) and the amount for which it was rented to the city ($125)—a total of $1,271.50.

The only defense offered upon the trial was the record in this former joint action, which the court held was not a bar to this action upon appellant's liability. Jury was waived, the case submitted to the court, and there was a finding and judgment for the plaintiff for $1,271.50.

The rule in this State and generally, is, that a judgment against one of a number of several and joint contractors does not release the others; neither is it a bar to a suit against others until satisfaction is had. Freeman on Judgments, Sec. 285; Greenleaf on Evidence, Vol. 1, Sec. 539a; Chitty's Pleadings, 1st Ed., 33; Moore v. Rogers, 19 Ill. 347; People v. Harrison, 82 Ill. 84.

There are authorities to the contrary, as Ex parte Rowlandson, 3 P. Williams, 405; Williams v. McFall, 2 Sergeant & Rawle, 280.

By virtue of the statute of this State the undertaking of Joyce and McMahon was joint and several; the unsatisfied erroneous judgment against Joyce obtained in an action against him and McMahon was not a discharge of his obligation as a several promisor.

Appellee in the present suit obtained judgment, November 7, 1900, for the difference between the amount of rent agreed to be paid by the city and the rent guaranteed by Joyce and McMahon.

Appellee urges that she was entitled to this because the lease to the city was made with the assent of appellant, and that thereby the lease was terminated and a cause of action at once accrued for the aforesaid difference in rent. For whatever rent was then, May 1, 1900, due and unpaid, an action then lay; but although the new lease procured and assented to by Joyce may have fixed the amount of his liability under the guaranty, it did not accelerate the time of the payment of the rent he had guaranteed.

He had guaranteed the monthly payment of $150 from May 1, 1899, to April 30, 1902. The agreement for the new lease to the city at $125 per month did not make due to the original lessor from the guarantors or any one the rent reserved in the first lease, before, by the terms thereof, it became due.

Under the new arrangement appellant was bound to see that there was paid to appellee, monthly, $25 from May 1, 1900, to April 30, 1902—not $600 May 1, 1900.

Appellee, when she brought this suit, was entitled to recover the rent for January, February, March and April, 1900, and $71.50 paid for necessary repairs—total, $671.50.

She had thereafter a cause of action each month for $25, or could wait until the expiration of the time and bring one action for the entire amount then due.

If appellee shall within ten days remit from her judgment $600 it will be affirmed for $671.50, as of its date; otherwise the judgment will be reversed and the cause remanded.

Affirmed on remittitur, otherwise reversed and remanded.