William C. Niblack, Receiver, Appellee, v. Abraham L. Feldman et al., trading as Feldman Brothers et al., Appellants.

Gen. No. 22,658. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1917. Reversed and judgment here. Opinion filed March 26, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by William C. Niblack, as receiver of the La Salle Street Trust & Savings Bank, plaintiff, against Abraham L. Feldman, Morris Feldman, Nathan Feldman, partners, trading as Feldman Brothers, and Abraham L. Feldman and Louis Feldman, individually, defendants, on a promissory note for $4,000, executed by Feldman Brothers, and payment of which was guaranteed by Abraham L. Feldman and Morris Feldman. From a judgment for plaintiff against the guarantors for $4,463.42, the latter appeal.

WILLIAM FELDMAN, for appellants; PINES & NEWMANN, of counsel.

HIRAM T. GILBERT and JUDAH, WILLARD, WOLF & REICHMANN, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. BANKS AND BANKING, § 57*—*what are rights of receiver in property of insolvent bank.* The receiver of an insolvent bank is not solely the representative of either the creditors or the stock-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

holders, but holds the property of the corporation as an officer of the court in the interest and for the benefit of any and every person having a legal interest in an honest and efficient control and distribution of its assets.

2. BANKS AND BANKING, § 57*—*what constitutes redemption of note by receiver.* In an action brought by the receiver of an insolvent bank upon a note given to the bank against the guarantors on such note, where the note had been transferred by the bank to another party as collateral security for its own note to such party and had been acquired by the receiver under order of court authorizing him "to purchase" the bank note "and secure possession" of such collateral security note, *held* that such acquisition of the latter note by the receiver was a redemption and not a purchase thereof, notwithstanding the language used in the order of court under which the receiver acquired it.

3. PLEDGES, § 4*—*what is character of title of holder of note as collateral security.* The holder of a note as collateral security is not vested with complete title in or ownership of such note but has only a title and ownership which is special in its nature until the happening of the uncertain event authorizing him to sell or dispose of it in accordance with the agreement under which he holds it.

4. RECEIVERS, § 42*—*what is not duty of.* The law does not impose upon receivers the obligation of defeating the just, legal claims of special or lien creditors in the interest of general creditors of an insolvent.

5. BANKS AND BANKING, § 52*—*when guarantor of note may present set-off.* In an action by the receiver of an insolvent bank upon a note given to the bank against the guarantors on such note, where the receiver had acquired the note by redeeming it out of a general fund from a third party with whom the bank had deposited it as collateral security, *held* that such guarantors were entitled to present a set-off against the bank, notwithstanding the manner in which the receiver acquired such note.

6. BILLS AND NOTES, § 177*—*what is obligation of indorser in blank.* One who indorses in blank a promissory note becomes in legal effect a surety for its payment when due.

7. BILLS AND NOTES, § 333*—*when right of set-off available to guarantor.* The guarantors of a promissory note are not held to a higher liability than is imposed on the principal maker of the note, and may set off, in an action on the note, a debt due such maker from the plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.