Rae C. Heiple, Receiver of Henry Denhart and Company, Appellant, v. Edward Lehman and Lydia King, Appellees.

Gen. No. 8,506.

Opinion filed December 6, 1933.

GEORGE W. HUNT and J. EDWARD RADLEY, for appellant.

RIDGELY & RIDGELY, for appellees; BEN C. LEIKEN, of counsel.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

The State Bank of Henry Denhart & Company was engaged in a general banking business. On March 1,

1929, it made a loan of $1,000 to appellees, Lydia King and Edward Lehman, taking their note for that amount, payable on March 1, 1930. On April 1, 1930, $200 was paid upon the principal of said note, and the accrued interest paid to that date. On April 11, 1930, the bank was closed by the auditor of public accounts of the State of Illinois, and Rae C. Heiple appointed receiver. At the time the bank was closed, appellee, Lydia King, had on deposit to her credit individually, the sum of $1,965.01. A 10 per cent dividend has been paid to said appellee of $196.50, leaving a balance due her upon her deposit of $1,768.41, which has not been paid.

On March 30, 1931, and in vacation of the circuit court of Woodford county, appellant took judgment by confession against appellees for the sum of $856, then claimed due upon said note. On motion of appellees this judgment was opened up and leave given appellees to plead. Appellees filed three pleas, consisting of the general issue and two special pleas. The first special plea set up that the debt represented by said note was the direct obligation of Lydia King, and used by her solely and for her own purposes, and that she is obligated thereunder as the principal maker, and primarily liable thereon and that the said Lehman is obligated on the note as a surety only; and then interposing the plea of set-off. This plea was traversed by the appellant and the replication thereto denied the relationship of principal and surety on the part of the appellees. Appellees demurred to the replication, which demurrer was sustained. An issue of fact was here presented of which appellees' demurrer was in no way conclusive. In the second special plea appellees set up the bank deposit of the said Lydia King as a set-off against said note, alleging that there was due from the bank to appellee King at said time, the sum of $1,768.41, which sum exceeded the

amount due upon the note in question, and offering to set off and allow to the appellant a sufficient sum from the claim of appellee, to pay the principal and interest of said note. Appellant filed replication to this plea denying the right of appellees to urge such defense. Appellees demurred to this replication, which demurrer was sustained.

The appellees' demurrers to appellant's replications to the special pleas were sustained by the court as aforesaid, and appellant elected to abide the pleadings, whereupon judgment was entered in favor of appellees.

Appellant urges three reasons for the reversal of this case. First, that the appellees cannot plead as a set-off the individual deposit of Lydia King. Second, that the court erred in sustaining appellees' demurrers to appellant's replications to the special pleas. Third, that the court erred in not carrying appellees' demurrers to the replications, back to the pleas.

Appellant filed its general demurrer to appellees' special pleas, which demurrer was overruled and leave given appellant to reply double. Appellant then filed its replications to the special pleas, and when appellees demurred thereto, appellant made its motion that the demurrers be carried back to the pleas. This motion was denied. Appellant complains of the refusal of the court to carry said demurrers back to the pleas. We do not understand that a demurrer to a replication will be carried back to the plea, when a demurrer to such plea has already been filed and overruled. *Fish v. Farwell,* 160 Ill. 236; *People v. Powell,* 274 Ill. 222. Appellant, by the filing of its demurrer to appellees' special pleas, is now precluded from urging that the court erred in refusing to carry the demurrer to the replications, back to the pleas. This disposes of appellant's third point urged for reversal.

Special plea No. 1, to the effect that appellee Lehman was a surety upon the note, set up a proper defense. A set-off due a principal is also available to the surety. *Himrod v. Baugh,* 85 Ill. 435; and when the principal and surety join in the same plea, the consent of the principal to the pleading of the set-off by the surety, is thereby shown. *Luther v. Mathis,* 211 Ill. App. 596. This plea and the replication thereto raised a question of fact, which could only be decided upon a hearing. The ruling of the court in sustaining a demurrer to appellant's replication denying the relationship of principal and surety was erroneous.

The third plea of appellees rested upon the defense of set-off. The claim of set-off arose because of the deposit of Lydia King in the bank. Appellant urges that this plea was bad on account of the lack of mutuality.

Should this third plea of appellees be proper, then it is conclusive upon the parties to this appeal and the court's sustaining of appellees' demurrer to appellant's replication to the second plea, of principal and surety, will make no difference. And if this third plea of appellees is not proper, then this cause must be reversed and remanded.

With respect to appellant's first contention that the individual deposit of Lydia King could not be set off against the joint and several note of appellees, we are of the opinion that such right did exist. This being the case, then appellant's second point urged for reversal, to the effect that the court erred in sustaining appellees' demurrer to appellant's replication to the plea of principal and surety, is automatically disposed of.

It has been held that a bank possesses the right of set-off, under similar circumstances to which appellees now plead same. *Hayden v. Alton Nat. Bank,* 29 Ill. App. 458; *Merchants Nat. Bank v. Maple,* 65 Ill. App.

484. We find no later holdings to the contrary, and we see no reason why the converse of this rule should not apply.

It has long been the holding of the courts in this State that where a promise is both joint and several, distinct remedies may be taken against the promisors until satisfaction is obtained. *Moore v. Rogers,* 19 Ill. 347. It has also been held that where the contract is joint and several, its legal effect is double and equivalent to independent contracts, and that distinct remedies may be pursued until satisfaction is obtained. *People for use of Miller v. Harrison,* 82 Ill. 84; *Joyce v. Spafford,* 101 Ill. App. 422.

The liability of appellees upon the note in question was joint and several. The legal effect of the note remains unchanged and the obligation therein assumed by appellees still remains a several as well as a joint obligation. The payee as well as the payor is bound by the terms of the written obligation. Any one or more joint and several makers of a note may voluntarily discharge the same by payment thereof to the holder, and upon such payment, the debt is extinguished in so far as such holder is concerned; and as to him, all of the other joint and several makers are released and discharged; or, on the other hand, the holder of such note may enforce payment thereof from any one of the several makers thereof, and this in turn discharges all other makers as far as such holder is concerned. A holder of a note is entitled to only one satisfaction, and he has no right to refuse payment thereof when tendered by any one of the makers. It is no concern of his which one of the obligors furnishes the money to discharge the debt. The only thing he can insist upon is that the debt be paid.

The availability to a set-off or counterclaim in favor of one of several defendants against a joint liability is a right that in this State has been denied such defend-

ant. Formerly the great weight of authority, throughout most jurisdictions, was against a set-off of this character. There has been, however, a growing tendency both in legislation and court decisions, to afford a settlement in one action of as many controversies among the parties as may be accomplished without injustice or injury to the rights of others. As a result, the availability to a set-off of a claim of one codefendant has gradually been given a broader recognition. The recently adopted Practice Act of this State, by section 38 thereof, Cahill's St. ch. 110, ¶ 166 (¶ 162, ch. 110, Smith-Hurd Rev. St. 1933) grants the right of set-off to one or more defendants and against one or more plaintiffs, not only from mutual accounts existing between them, but in tort as well as contract, and for unliquidated damages as well as for liquidated accounts.

The availability to a set-off in favor of one of several defendants, where they are severally liable and in which a separate judgment may be had against one of them, has generally been conceded. This is put upon the grounds that in reality there is a several obligation or promise upon the part of each defendant, and that the plaintiff might pursue distinct remedies against those severally liable until satisfaction was obtained. In legal effect this makes each promisor's obligation equivalent to an independent promise or contract and therefore he should have the right to separately plead payment, or tender, out of his own money; and a plea of set-off rests upon the same principle.

We are of the opinion that where two or more defendants are joined in an action to which they are severally liable and in which a separate judgment may be had against them, a cross-demand in favor of one of the defendants against the plaintiff comes within a fair construction of the requirement of mu-

tuality and such defendant should be permitted in the ends of justice to assert his cross-demand; and especially should this be so where the plaintiff is an insolvent bank, in the process of liquidation, and with such defendant having on deposit in said bank more than enough money to pay the obligation upon which the bank is seeking to recover, and which deposit the bank refuses to consider and is endeavoring to compel such defendant to pay the entire amount of the note, and sacrifice her right of set-off or cross-demand against the bank, on the grounds that mutuality is lacking. Mutuality exists as between the appellant and Lydia King, and where the plaintiff is an insolvent, unusual and extraordinary conditions arise, and public justice demands that such defendant, being severally liable, should be protected in her right of set-off.

The authority of the earlier decisions, *Hayden v. Alton Nat. Bank,* and *Merchants Nat. Bank v. Maple, supra,* has never been impugned. In the present case the obligation of the defendants is joint and several, and, therefore, a several judgment could have been had against either defendant. The fact that the action was joint in form does not affect or change the principle involved. The plaintiff had but one claim and but one cause of action, and payment by any one of those severally liable thereon, whether voluntarily made, or whether by judicial process by plaintiff, would necessarily satisfy the debt so far as plaintiff was concerned and become a complete release and discharge as to all others jointly and severally liable thereon. Any other rule would permit a creditor to recover his claim as many times over as he had parties severally liable for the debt. A defendant who is severally liable might not see fit to interpose his claim of set-off for the benefit of his codefendant as against a solvent plaintiff, but if he does so elect, it is a matter of his own con-

cern, and under the terms of the written obligation, within his own right. The fact that such action on the part of the defendant must necessarily inure to the benefit of all the other defendants liable, does not change the nature of the obligation or in any way tend to abridge the separate and several rights of such defendant as they may appear therein.

The title to a general deposit of money placed in the bank by a depositor, passes to the bank, and the relationship of debtor and creditor arises. *Sullivan v. Arcola State Bank,* 314 Ill. 40; *Kamfner v. Auburn Park Trust & Savings Bank,* 344 Ill. 200. When a depositor is indebted to a bank, the bank, upon the right of set-off, has the power to apply the deposit to the payment of such depositor's indebtedness. *Niblack v. Park Nat. Bank,* 169 Ill. 517, 521. The right of set-off could not exist without mutuality between the depositor and the bank. Some attempt has been made to base this right of the bank upon the grounds of a lien, but it is not a lien when applied to a general deposit, for a general deposit becomes the property of the bank, the bank merely becoming the debtor of the depositor; and one cannot have a lien on his own property. It has been held that a depositor can set off his deposit against his indebtedness, *McCagg v. Woodman,* 28 Ill. 84; and thus out of the relationship of debtor and creditor, as between a depositor and the bank and as between the bank and a depositor who is indebted to it, we find that there is a mutuality existing, which the courts have recognized, as giving to the respective parties the right of set-off, upon the one part as well as upon the other. Since the right of set-off arises and can be enforced only where there are mutual demands and debts between the parties, it therefore appears that the courts of this State as between banks and its depositors, have recognized the mutual relationship of debtor and creditor and permitted the allowance of set-offs, and permitted a bank

to exercise the same as against one joint and several maker of a note. *Hayden v. Alton Nat. Bank, supra; Merchants Nat. Bank v. Maple, supra.* It has further been said that "statutes of set-off are remedial and beneficial acts and are to be liberally construed." *Wetherell v. Thirty-First St. Bldg. & Loan Ass'n,* 153 Ill. 361, 367. Especially is this so where the party against whom the set-off is claimed is an insolvent. The trend of our modern decisions is toward liberality in the allowance of set-off in cases of insolvency, in order that no more than a true balance may be required to be paid by the solvent individual to the estate of the insolvent, if any such balance is due; and that the solvent debtor should not be required to pay his debt in full to the insolvent and thus sacrifice his right of set-off or cross-demand. Justice requires that the mutual liability between the parties should be so adjusted that a true balance might be ascertained and judgment had accordingly.

We do not believe that the rule of lack of mutuality among codefendants should prevail in this case. Here, appellee is severally and individually liable for the payment of the note sued on. Litigation should be terminated as quickly as possible when it can be done with justice to all the parties involved according to their rights, and without injury to others.

Lydia King had sufficient funds on deposit with appellant to more than twice-over off-set the amount due on the note. She elected to so apply such funds, and we see no good reason why such right should be denied her. Both parties to this action concede that the obligation upon the part of Lydia King toward the bank is a several obligation as well as a joint one. As stated, it has been held that a bank possesses such right as the appellee now seeks to exercise, and we repeat that we see no reason why the converse of the rule should not here apply.

The liability of Lydia King being several and she therefore possessing the right of set-off, and the relationship between her and the bank being mutual as to debtor and creditor, and the bank being indebted to her in excess of her indebtedness to it, we do not see where the appellant has any cause to complain because Lydia King elected to exercise her right of set-off. The law does not impose upon receivers of defunct banks, the obligation of defeating the just and legal claims of one creditor for the benefit of other creditors. *Niblack v. Feldman*, 204 Ill. App. 443.

The cross-demand of Lydia King, exceeding the demand of appellant, constituted a complete payment of the obligation due appellant. The appellant having thus received one satisfaction, the legal result thereof was the release and discharge of all others who might have been liable upon the obligation. Therefore, appellant was in no way prejudiced by the judgment of the court in favor of appellee, Lehman.

The judgment of the circuit court is affirmed.

*Affirmed.*