The People of the State of Illinois ex rel. Oscar Nelson
v. Roseland State Savings Bank.
Walter C. Senne, Intervening Petitioner, Appellee, v.
William L. O'Connell, Appellant.

Gen. No. 38,243.

Opinion filed November 12, 1935.

STEPHEN A. MALATO, of Chicago, for appellant.

KIRKLAND, FLEMING, GREEN & MARTIN, of Chicago, for appellee; EMIL F. MEIER, of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the receiver of the Roseland State Savings Bank from an order granting the prayer of petitioner, Walter C. Senne, for the allowance of an offset in the sum of $4,674.80 against the obligation of petitioner and one Welsh on a promissory note. The petition was filed November 9, 1933. The receiver answered. The matter was referred to a special commissioner, who filed a report recommending the allowance of the offset, and the matter was heard upon exceptions of the receiver to the report of the commissioner. A decree overruling the exceptions and allowing the prayer of the petition was entered April 4, 1935.

There is practically no dispute as to the facts. Petitioner Senne is a member of the firm of Kirkland, Fleming, Green & Martin, who are engaged in the practice of law in Chicago. Prior to the appointment of a receiver in 1931 the firm had performed legal services for the Roseland State Savings Bank. June 3, 1931, Senne and Welsh being indebted to the bank in the sum of $8,250 made and delivered to the bank their promissory note of that date and for that amount, due 30 days after date, with interest at 6½ per cent per annum and with interest at 7 per cent per annum after maturity until paid. The note read: "For value received the undersigned promise to pay to the order of The Roseland State Savings Bank, at its office, in Chicago, Ill." etc. Certain collateral was deposited as security for the note, and the note contained a power to confess judgment.

June 10th, after the execution of the note, the bank was indebted (for legal services and money advanced in the sum of $3,674.80) to the law firm, of which Senne

was a member. The bank was also indebted to Senne for money then deposited in the bank to his credit in the sum of $1,000. On that day Mr. Kirkland, the senior member of the law firm, executed and delivered, in its behalf, to Senne a writing in and by which for value received he assigned the sum due on the account against the bank. A copy of this written assignment was sent to the bank on that date by registered mail. The bank thereafter having been closed by the State Auditor, the note of Senne and Welsh passed into the hands of the receiver, and Senne claimed an offset as against the note to the amount of his personal deposit in the bank, plus the amount of the account of the law firm against the bank which had been assigned to him.

The receiver prosecutes this appeal, contending that the note is a joint obligation against which a several obligation may not be set off; that the statement in the note to the effect, "the undersigned promise to pay," etc., compels the construction that the obligation evidenced by the note is a joint obligation, and not several, and in support of that theory cites *First Nat. Bank v. Southworth,* 215 Ill. 640; *Torrance v. Third Nat. Bank,* 210 Fed. 806; *In re Evans,* 235 Fed. 635; *National Bank v. Gallagher,* 243 Ky. 740. The receiver also argues, citing *Alpaugh v. Wood,* 53 N. J. L. 635, and other cases, that a promise or undertaking is presumed to be joint, and not joint and several, unless a different intention is affirmatively disclosed. In the cases cited the courts considered the effect of this clause in connection with the provisions in the notes with reference to the deposit of collateral security, and the phrase, "For all other present and future demands of any and all kinds of the said bank against the undersigned," was held to create a joint liability with respect to the collateral security. As petitioner points out, these opinions cited interpret not the promise made in the note but only the clause in the note re-

specting the security. This latter clause is not controlled by the statute of this State, which we shall presently consider. The cases cited are from other jurisdictions where the statute upon which petitioner relies is not applicable. The determination of the question here presented for decision (namely, whether Senne can set off his individual deposit in the closed bank, plus the claim of the law firm against the bank, which has been assigned to him, against the note of Welsh and himself held by the receiver of the bank) seems to depend on the construction to be given to certain Illinois statutes. The law of set-off in this State seems to be purely statutory, and it must be conceded that at common law a joint claim may not be set off against the claim of only one joint obligor. *Morton v. Bailey,* 1 Scam. 213.

The statute (Ill. State Bar Stats. 1935, ch. 76, sec. 3, p. 1951) provides, however:

"Except as otherwise provided in this Act, all joint obligations and covenants shall be taken and held to be joint and several obligations and covenants."

By section 2 of the Negotiable Instruments Act (Ill. State Bar Stats. 1935, ch. 98, sec. 2, ¶ 6) it is provided, in substance, that persons severally liable upon bills of exchange or promissory notes, payable in money, may all or any of them severally be included in the same suit at the option of plaintiff. Other sections of the act provide for severance in case of a suit brought upon such an obligation and for the entrance of several judgments thereon, the plaintiff, however, to be limited to one satisfaction. The procedure by way of set-off was very much enlarged by an amendment in 1929 to section 47 of the Practice Act of 1907 (Smith-Hurd's Ill. Rev. Stats. 1933, ch. 110, sec. 47, page 2162) which provides:

"The defendant in any action now pending or hereafter brought upon any contract or agreement, either

express or implied, having claims or demands against the plaintiff in such action, may plead the same, or give notice thereof, under the general issue or under the plea of payment, and the same, or such part thereof as the defendant shall prove on trial, shall be set off and allowed against the plaintiff's demand, and a verdict shall be given for the balance due. . . . If it shall appear that the plaintiff is indebted to the defendant, the jury shall find a verdict for the defendant and certify to the Court the amount so found, and the Court shall give judgment in favor of such defendant, with the costs of his defense.''

The remedy by way of set-off has been still further enlarged by section 38 of the Civil Practice Act, which repealed the above section. (Ill. State Bar Stats. 1935, ch. 110, sec. 38, ¶ 166, p. 2443) which provides:

''(1) Subject to rules, any demand by one or more defendants against one or more plaintiffs, or against one or more co-defendants, whether in the nature of set-off, recoupment, cross-bill in equity or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, may be pleaded as a cross-demand in any action, and when so pleaded shall be called a counterclaim.

''(2) The counterclaim shall be a part of the answer, and shall be designated as a counterclaim.

''(3) Every counterclaim shall be pleaded in the same manner and with the same particularity as a complaint, and shall be complete in itself, but allegations set forth in other parts of the answer may be incorporated by specific reference instead of being repeated.''

Section 22 of the same act (Ill. State Bar Stats. 1935, ch. 110, sec. 22, ¶ 150) provides that the assignee and owner of a non-negotiable chose in action may sue thereon in his own name, etc. Section 23 provides for the joinder of plaintiffs in whom any right of relief in respect of or arising out of the same transactions, or

series of transactions, is alleged to exist, whether jointly, severally, or in the alternative. Section 25 provides that any person may be made a defendant who, either jointly, severally or in the alternative, is alleged to have or claim an interest in the controversy. The briefs assume that section 47 of the Practice Act of 1907 as amended is applicable here.

It is apparent that under either of these statutes the limitations heretofore existing upon the right of set-off have been largely removed and the right much extended. In *Heiple v. Lehman,* 272 Ill. App. 513, decided December 6, 1933, it appeared a bank made a loan to Lydia King and Edward Lehman, taking their note therefor. The bank was closed by the State auditor before the note was paid. At the time the bank was closed Lydia King had on individual deposit in it $1,965.01. The receiver of the bank confessed judgment on the note against the makers. The judgment was opened up and leave given to plead. In one of the pleas defendants averred their right to set off the individual demand of Lydia King an account of her deposit in the bank against the joint note sued upon by the receiver of the bank. The receiver filed a replication denying this right, and thereupon the defendants interposed a demurrer, which was sustained. The ruling of the court on this demurrer was questioned upon appeal. The ruling of the trial court was sustained by the Appellate Court for the Second District in an opinion by Mr. Justice Huffman, which gives a careful review of the law applicable to the subject. After pointing out that a set-off due to a principal is also available to a surety (a question which also arose on the pleadings in that case) the opinion, citing *Hayden v. Alton Nat. Bank,* 29 Ill. App. 458, and *Merchants Nat. Bank v. Maple,* 65 Ill. App. 484, states that ''it has been held that a bank possesses the right of set-off under similar circumstances to which appellees (defendants) now

plead same,'' and that there are no later holdings to the contrary; that it has long been held in this State that where the contract is joint and several, its legal effect is double and equivalent to independent contracts, and that distinct remedies may be pursued until satisfaction is obtained,—citing *People v. Harrison*, 82 Ill. 84; *Joyce v. Spafford*, 101 Ill. App. 422. The opinion states:

''The availability to a set-off or counterclaim in favor of one of several defendants against a joint liability is a right that in this State has been denied such defendant. Formerly the great weight of authority, throughout most jurisdictions, was against a set-off of this character. There has been, however, a growing tendency both in legislation and court decisions, to afford a settlement in one action of as many controversies among the parties as may be accomplished without injustice or injury to the rights of others. As a result, the availability to a set-off of a claim of one codefendant has gradually been given a broader recognition.''

After calling attention to section 38 of the Civil Practice Act, the opinion further states:

''. . . where two or more defendants are joined in an action to which they are severally liable and in which a separate judgment may be had against them, a cross-demand in favor of one of the defendants against the plaintiff comes within a fair construction of the requirement of mutuality, and such defendant should be permitted in the ends of justice to assert his cross-demand; and especially should this be so where the plaintiff is an insolvent bank, in the process of liquidation, and with such defendant having on deposit in said bank more than enough money to pay the obligation upon which the bank is seeking to recover, and which deposit the bank refuses to consider and is endeavoring to compel such defendant to pay the entire

amount of the note, and sacrifice her right of set-off or cross-demand against the bank, on the grounds that mutuality is lacking. Mutuality exists as between the appellant and Lydia King, and where the plaintiff is an insolvent, unusual and extraordinary conditions arise, and public justice demands that such defendant, being severally liable, should be protected in her right of set-off.''

A further appeal having been taken to the Supreme Court, the judgment of the Appellate Court was affirmed in *Heiple v. Lehman,* 358 Ill. 222. The opinion of the court there is based upon the provisions of section 47 of the Practice Act of 1907 (Smith-Hurd's Ill. Rev. Stats. 1933, ch. 110, sec. 47, p. 2162) already quoted. The Supreme Court said:

''Appellant in his brief has cited many early cases in this court holding that a separate demand is not a proper subject matter of set-off as against a joint liability. An examination of these authorities discloses that the plaintiff sued upon a joint demand against the defendants, and that the court was applying the law with reference to an unquestioned joint liability and held that separate liabilities could not be off-set. We are able to distinguish all of the authorities cited from this case, on the basis that the liability here asserted by appellant is a joint and several liability of appellees.''

The court then points out that one of the special pleas averred that Edward Lehman was only a surety for Lydia King and, citing *Himrod v. Baugh,* 85 Ill. 435, holds that under such circumstances Lehman was entitled to have the claim of Lydia King allowed as an offset. The court further said:

''Mutuality exists as between appellant and Lydia King, and, where the plaintiff is insolvent, justice demands that such defendant, being severally liable, should be protected in the right of set-off, and that the

mutual liability between the parties should be so adjusted that a true balance may be ascertained and judgment· had accordingly.''

In view of these decisions and the purpose of the statutes which they construe, and in view of the fact that these statutes are remedial in their nature and are to be liberally construed, we think it must be held that petitioner Senne had the right, as against the claim of the bank upon his joint and several note executed with Welsh, to offset the several liability of the closed bank to himself on account of his deposit and the claim of the firm which had been assigned to him.

The assignment of the firm to Senne was executed, as the evidence shows, by Kirkland, the senior member of the firm, in behalf of the firm, and the receiver contends that there is no proper proof of the authority from the partnership to execute the assignment. The evidence is clear and uncontradicted to the effect that the assignment was made for the benefit of the firm in order that the money due to it might be collected. We are disposed to hold that the collection of fees and advances due from a client is within the scope of the authority of the members of the partnership engaged in the practice of the law. 47 Corpus Juris 859, secs. 331 to 336.

It is also urged that a decree for the balance due to the bank should have been entered in favor of the receiver upon granting the relief prayed for by petitioner. The report of the commissioner so recommended, but the receiver does not seem to have insisted on the insertion of this provision in the decree. The set-off, however, will become effective only on the payment by the petitioner of the sum of $3,575.20, together with interest, as provided by the decree, and we think that the receiver is amply protected in that respect.

For the reasons indicated the decree is affirmed.

*Affirmed.*

McSurely, P. J., and O'Connor, J., concur.